In re Lucille R. JONES, Debtor.

**PRESIDENTIAL COMMERCIAL FUND, INC., Plaintiff,**

v.

**Lucille R. JONES and James J. O'Connell, Trustee, Defendants.**

Bankruptcy No. 82–02188G.
Adv. No. 82–1358G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 10, 1983.

Richard F. Stern, Jenkintown, Pa., for plaintiff, Presidential Commercial Fund, Inc.

Jack K. Miller, Philadelphia, Pa., for the debtor/defendant, Lucille R. Jones.

James J. O'Connell, Philadelphia, Pa., defendant/trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The threshold issue in the case at bench is whether section 1327(a) of the Bankruptcy Code ("the Code") operates to defeat the

mortgagee's complaint for relief from the automatic stay under section 362 of the Code. We conclude that since the debtor did not introduce evidence that, subsequent to the date of confirmation of her chapter 13 plan, she was not in default under her chapter 13 plan and current in her payments outside said plan, section 1327(a) will not curtail the mortgagee's rights under section 362.

The second issue before us is whether the mortgagee is entitled to relief from the automatic stay provisions of section 362(a) of the Code in order to permit it to proceed with mortgage foreclosure proceedings. We conclude that the mortgagee is entitled to such relief because we find that the mortgagee's interest in the property in question is not adequately protected in that: (1) the debtor does not have any equity in the subject property; (2) the debtor has failed to pay county, township or school taxes on said property for the past two years; and (3) the debtor's plan to provide adequate protection for the mortgagee's interest is, in its present form, mere speculation and cannot, therefore, serve as adequate protection of the mortgagee's interest.

The facts of the instant case are as follows:[1] On May 17, 1982, Lucille R. Jones ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Code. Thereafter, Presidential Commercial Fund, Inc. ("the mortgagee"), the holder of the first mortgage on the debtor's residence located at 455 Barclay Road, Rosemont, Pennsylvania, filed the instant complaint for relief from the stay to permit it to proceed with mortgage foreclosure against that property. The mortgagee has a purchase money mortgage on the property in question in the gross amount of $228,060.00. The aforesaid mortgage went into default in November of 1981 and the mortgagee obtained a judgment against the debtor in the amount of $218,256.00. In addition, there is a second mortgage on the subject property in the approximate amount of $33,000.00.

The debtor contends initially that section 1327(a) of the Code operates to defeat the mortgagee's complaint for relief from the stay under section 362 of the Code.[2] The debtor argues that since her chapter 13 plan was confirmed on September 14, 1982, and since the mortgagee did not object to said confirmation, the mortgagee is now bound by the terms of the confirmed plan notwithstanding the outstanding complaint for relief from the stay. The debtor relies, in part, on the case of *In re Evans,* 22 B.R. 980 (Bkrtcy.S.D.Cal.1982), wherein the court held that "once a plan is confirmed, § 1327 curtails the secured creditor's rights under § 362, at least so long as the debtor makes current payments outside the plan, and is not in default under the plan." 22 B.R. at 983. The court concluded:

> Secured creditors like all other creditors are bound by the provisions of a confirmed Chapter 13 plan. Until such time as the Debtor defaults under the plan or ceases to make current payments outside the plan § 1327(a) operates to defeat a secured creditor's complaint for relief from stay under § 362.

22 B.R. at 983.

In the case at bench, however, the debtor has not introduced evidence showing that, since the date of confirmation, she is current in her payments outside the chapter 13 plan and not in default under the plan. Consequently, we conclude that section 1327(a) will not, under the facts of the present case, prevent the mortgagee from proceeding with its complaint for relief from the stay under section 362 of the Code.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 1327(a) provides:
   (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
   11 U.S.C. § 1327(a).

Section 362(d) provides the conditions to be met in order for a party in interest to be entitled to relief from the automatic stay provisions of that section:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Section 362(g) allocates the burden of proof in a complaint for relief from the stay and provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

▪ At the trial of the instant complaint, the mortgagee's vice president testified that if the original $228,060.00 loan was to be paid off at the time of trial, the amount owing under the terms of the mortgage agreement would be $168,561.75 (N.T. 8/3/82 at 10). In addition, there is a judg-ment against the subject premises in favor of the second mortgagee in the amount of $33,652.96 (N.T. 8/3/82 at 14, 24). Consequently, even if we were to accept the debtor's appraisal of the property in question at $160,000.00 as being accurate, the combined balance of just the two mortgages against the subject property easily exceeds the $160,000.00 appraisal, and demonstrates that there is a substantial lack of equity in the property. Therefore, we conclude that the mortgagee has carried its burden of proving that the debtor does not have equity in the property in question.

With respect to section 362(d)(1), we conclude that the mortgagee is entitled to relief thereunder because the present record indicates that ample "cause"[3] exists to justify modification of the stay. First, the mortgagee, as heretofore demonstrated, has established that the debtor does not have any equity in the subject premises.[4] Second, the debtor has failed to pay county, township or school taxes on the property in question for the years 1981 and 1982, and Delaware County has filed a tax claim for the 1981 taxes (N.T. 8/3/82 at 20). Third, the debtor's proposed plan to provide adequate protection for the mortgagee's interest is conjectural only and cannot, in its present stage, serve as adequate protection for the mortgagee's interest.[5] See In re A.Z.J.Z., Inc., 22 B.R. 966 (Bkrtcy.E.D.Pa. 1982). The debtor maintains that the mortgagee's interest is adequately protected because the debtor proposes to pay the mortgagee through the sale of the subject property and some twenty (20) additional pieces of real estate owned by the debtor and her husband.[6] We find it dispositive, however,

---

**3.** See § 362(d)(1) of the Code cited in the text supra.

**4.** Equity is not only relevant to subsection (d)(2) of § 362, it is also relevant to subsection (d)(1) on the issue of adequate protection. See In re DiBona, 9 B.R. 21 (Bkrtcy.E.D.Pa.1981). In addition, the most common form of adequate protection is an equity cushion. See In re Caulk, 9 B.R. 242, 244 (Bkrtcy.E.D.Pa.1981).

**5.** While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. See H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 339 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787.

**6.** The debtor's husband testified that the aggregate fair market value of the properties other than the residence in question is $90,000.00. However, the debtor's husband also testified that there is a blanket mortgage against those

that, as of the date of trial, no agreements of sale have been reached with any prospective purchasers for any of the above-mentioned properties. The only step taken by the debtor with regard to the aforesaid plan is the listing of said properties with real estate agencies (N.T. 8/25/82 at 35). Consequently, we conclude that the debtor's proposed plan is tenuous and speculative and, therefore, cannot adequately protect the interest of the mortgagee.[7] Based on all the above, we conclude that the mortgagee is entitled to relief from the automatic stay pursuant to section 362(d)(1).[8]

additional properties in the amount of $39,-900.00 (N.T. 8/25/82 at 32).

7. Even if the debtor's proposal became a reality, the mortgagee would be paid $1,500.00 per month pursuant thereto which would leave it with a substantial monthly shortfall of $1,215.00 since the payments owing the mortgagee are $2,715.00 per month.

8. Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. *See In re Schramm,* 12 B.R. 608 (Bkrtcy.E.D.Pa.1981); *In re Heath,* 9 B.R. 665 (Bkrtcy.E.D.Pa.1981).