In re Thomas BEAVERS, Debtor.

Virgil HENSON, Plaintiff,

v.

Thomas BEAVERS, Defendant.

Bankruptcy No. 82–01389.
Adv. No. 82–0907.

United States Bankruptcy Court,
N.D. Alabama.

Jan. 14, 1983.

George N. Sims, Jr., Talladega, Ala., for plaintiff.

Hank Fannin, Talladega, Ala., for debtor-defendant.

## FINDINGS OF FACT AND CONCLUSIONS BY THE COURT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction—*

The above-styled case was filed in, and is now pending before, this Court, under Chapter 13, Title 11, United States Code. The above-styled adversary proceeding was commenced by Virgil Henson (hereinafter referred to as Henson) against Thomas Beavers (hereinafter referred to as debtor), seeking to have the Court lift the stay provided for by 11 U.S.C. § 362(a), to the extent of permitting Henson to proceed with a civil action (No. CV–82–200006) which Henson is alleged to have brought against the debtor and others in the Circuit Court of Talladega County, Alabama, for the purpose of ejecting the debtor from possession of certain real property, described as lots numbered 18, 19, 20, and 21 of Block "F" of the Morgan Addition, Talladega, Alabama. It is further alleged that Henson is the legal and equitable owner of said real property but that he and the debtor had entered into an oral agreement for the sale of said property, that the debtor had occupied the property until "the premises were damaged by fire," that the defendant failed to comply with the terms of the agreement, and that no conveyance of the property had been made to the debtor.

An answer filed by the debtor denies that the debtor failed to comply with the terms of the agreement and that no conveyance of the property had been made to him. At a pre-trial conference, the attorney for Henson and the attorney for the debtor agreed

that they would file a stipulation of the facts involved in this proceeding, and the Court noted that a further pre-trial conference would be set upon request.

The attorneys have, however, filed a stipulation of facts "and also agree that the case may be submitted on the [above] stipulations without further testimony."

The Court understands this to mean that the attorneys now wish to have the adversary proceeding disposed of by the Court as if upon opposing motions for summary judgment.

*Findings of Fact—*

It is evident that counsel intend for the Court to consider matters which would be established without contradiction by the court file and record for this case but which are *dehors* their "Stipulation of Facts"; therefore, the Court takes judicial knowledge of, and finds, the following facts which appear of record in this case:

A. The debtor filed a petition under Chapter 11, Title 11, United States Code, with a Chapter 13 statement [Official Form No. 13–5, as required by Bankruptcy Rule 13–107(a)] and a Chapter 13 plan [as required by Bankruptcy Rule 13–201(a)], on March 2, 1982;

B. The Chapter 13 statement listed six creditors of the debtor, said to be owed in the aggregate by him in the sum of $48,-173.80 and including Henson, who was listed as owed the sum of $6,500.00 on a debt secured by real estate;

C. After due notice by mail to creditors and other parties in interest, a confirmation hearing was held by the Court on April 22, 1982, and those then appearing before the Court included Henson; whereupon, by a memorandum order signed and announced at the hearing, the matter was continued to May 11, 1982;

D. At the continued confirmation hearing on May 11, 1982, the attorney for Henson was present, and by a memorandum order signed and announced at the hearing, the matter was further continued to May 13, 1982, on which date those present before the Court included the attorney for Henson

and the Court announced that a modified plan proposed by the debtor would be confirmed;

E. However, [due to certain complications which had arisen in regard to secured claims] the confirmation hearing was reopened and continued to July 8, 1982, with the debtor in the meantime having paid some $900.00 to $1,000.00 to the trustee as deposits to be used in carrying out the Chapter 13 plan, if confirmed;

F. The clerk of the Court not having notified the attorney for Henson by mail, his attorney was notified by telephone but did not attend the continued hearing;

G. On July 9, 1982, the Court entered an order in this case which confirmed the debtor's modified Chapter 13 plan, which provided for payments to the trustee of $600.00 each month, beginning May 4, 1982, for the trustee to pay fixed monthly payments to the holders of two secured claims, for the debtor to pay directly to the creditors the sums owed on the other allowed secured claims, and for the trustee to pay in full the holders of unsecured claims, on a pro rata basis and as funds would become available therefor;

H. In more general terms, the debtor's modified plan called for the payment of secured claims in not more than 36 monthly deferred cash payments and provided for the full payment of unsecured claims on a pro rata basis, but it specifically provided, as to Henson, the following: "Debtor proposes to make a fixed monthly payment to Virgil Henson, if said creditor is determined to have a secured interest, in the amount of $150.00 per month;"

I. Neither the debtor's modified plan nor the order confirming it contained any exception to the debtor's right to remain in possession of property of the estate, but the order did provide that the property of the estate was not to vest in the debtor, until a discharge was granted under Chapter 13 or the case was dismissed out of court;

J. Not at the time of the confirmation of the plan or even now has Henson filed a proof of claim in this case; and

K. On July 27, 1982, Henson filed a complaint which instituted this adversary proceeding against the debtor.

The "Stipulation of Facts" shows, and the Court finds as facts, the following:

1. Prior to the filing of the Chapter 13 case, Henson and the debtor entered into an oral agreement, whereby Henson agreed to sell to the debtor and the debtor agreed to purchase from Henson the real property which is the subject of this controversy;

2. Henson placed the debtor in the possession of said real property, and the debtor made various payments to Henson on the purchase price of the real property, with a balance of $6,500.00 remaining unpaid thereon at the time that the debtor instituted his Chapter 13 case; and

3. At the time of filing of the Chapter 13 case, Henson filed a civil action against the debtor in the Circuit Court of Talladega County, Alabama, in the nature of an action in "ejectment" and concerning said real property, and this case in the State court is still pending.

*Conclusions by the Court —*

■ An entirely oral agreement for the sale of lands is made void by the Alabama "Statute of Frauds",[1] "unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller." The evidence shows that the debtor paid a portion of the purchase money to Henson and that the debtor was put in possession of the land by Henson, thereby placing the transaction within the exception in the statute, which would otherwise render the agreement unenforceable. The commencement of the Chapter 13 case created an estate which included (with certain exceptions not material here) "all legal or equitable interests of the debtor in property as of the commencement of the case".[2] This estate includes the debtor's possessory and purchase rights in the real estate. There being no exception in the confirmed plan or order confirming it, the debtor is to "remain in possession of all property of the estate."[3]

■ For the purposes of the bankruptcy statute, the term "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured ...."[4] The evidence shows that, at the time of the filing of the Chapter 13 case, Henson had a claim against the debtor for the balance of the purchase price of the real property, and that constituted Henson as a "creditor."[5] The provisions of a confirmed Chapter 13 plan bind both the debtor and each creditor, "whether or not such creditor has objected to, has accepted, or has rejected the plan."[6]

As an aside, it may be noted that since the confirmation order provided that the property of the estate was not to vest in the debtor until a discharge was granted under Chapter 13 or the case was dismissed out of court, the confirmation of the plan did not vest the property of the estate in the debtor, "free and clear of any claim or interest of any creditor provided for by the plan."[7] The Court interprets the modified plan to mean that Henson would have been paid by the trustee the sum of $150.00 per month until $6,500.00 (together with compensation for the installment payment) had been paid, if Henson had filed a secured claim and the collateral had a value of not less than $6,500.00. On the other hand, the filing of an unsecured claim by Henson would have resulted in the trustee's paying to him $6,500.00, pro rata, over the life of the plan. Neither point is material here, since Henson has not filed any claim.

■ Inasmuch as Henson is bound by the terms of the confirmed plan, as previously

1. Code of Ala.1975, § 8-9-2.

2. 11 U.S.C. § 541(a)(1).

3. 11 U.S.C. § 1306(b).

4. 11 U.S.C. § 101(4).

5. 11 U.S.C. § 101(9)(A).

6. 11 U.S.C. § 1327(a).

7. 11 U.S.C. § 1327(b), (c).

noted, he does not now have the option of rejecting the provisions of the plan for payment of his "claim". Upon entry of the order confirming the debtor's Chapter 13 plan, Henson did not have the right to pursue an action for ejectment against the debtor, as an alternative to filing his claim and receiving payment thereon as provided in the confirmed plan and, of course, has no such right now. The complaint is not sustained, the relief prayed for is due to be denied, the complaint and the adversary proceeding are due to be dismissed out of court, and a judgment to this effect will be entered.