**In re William J. TUCKER and Patricia Tucker, Debtors.**

**Bankruptcy No. 382–01758.**

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 13, 1983.

Steve C. Norris, Nashville, Tenn., for debtors.

Kevin J. Jones, Nashville, Tenn., for Ford Motor Credit Co.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtors William J. and Patricia Tucker's application to determine the proper disposal of insurance proceeds in the amount of $7,650.00. Upon consideration of the evidence presented, stipulations, exhibits, briefs of the parties and the entire record,

this court concludes that the proceeds should be disbursed to Ford Motor Credit Company (hereinafter "Ford") to satisfy the unpaid amount of its secured claim under the debtors' Chapter 13 plan with the remainder of the proceeds to be distributed to the debtor William J. Tucker.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtors filed a joint Chapter 13 wage earner petition in this court on June 2, 1982. In their petition, the debtors listed Ford as a creditor for $6,300.00, this claim being secured by a 1979 Ford Bronco which the debtors valued at $5,350.00. On June 14, 1982, Ford filed a proof of claim in the debtors' bankruptcy case for $8,735.49. The parties subsequently agreed that this proof of claim should be amended to reflect a total debt of approximately $6,976.85.

The proposed Chapter 13 plans submitted by the debtors provided Ford a secured claim in the amount of $5,350.00, to be paid in monthly installments of $160.00, with the remainder of Ford's debt to be paid as an unsecured claim.[1] Ford retained a lien in the debtors' automobile for the value of its secured claim. These plans would extend for about 41 months and provide 100% payment for all unsecured claims.

This court subsequently confirmed these plans as proposed on July 20 and August 17, 1982. Ford did not object to the treatment of its claim at either the debtors' meeting of creditors or confirmation hearings.

Shortly after these plans were confirmed, the debtors' automobile was destroyed in a flood. Pursuant to an insurance policy obtained on this vehicle, American National Property and Casualty Company issued a check for property damage coverage in the amount of $7,650.00 payable to the debtor

William J. Tucker, Ford and Steve Norris, the debtors' bankruptcy attorney.

The debtors have now requested the court to disburse these proceeds to Ford to extinguish the unpaid amount of its secured claim under the Chapter 13 plans and to distribute the remainder of the proceeds to the debtor William J. Tucker. As of January 17, 1983, Ford had been paid $661.98 through the Chapter 13 plans, leaving the balance of its secured claim at $4,688.02. Ford has objected to the debtors' proposed scheme of distribution, contending that it is entitled to payment of its entire claim from these insurance proceeds.

The resolution of the issue posed in this matter is controlled by § 1327(a), which provides that a creditor is bound by the provisions of a confirmed Chapter 13 plan.[2] The debtors' plans listed Ford's secured claim as $5,350.00 and provided that this claim be paid in monthly installments of $160.00. The remaining unsecured portion of Ford's claim was to be paid in full, along with all other unsecured claims, during the approximate 41 month duration of these plans. The status and method for payment of Ford's claim was established at the debtors' confirmation hearings and, so long as these plans continue to be in effect, Ford is bound by their provisions pursuant to § 1327(a). *See Western Thrift & Loan Association v. Blair,* 21 B.R. 316, 317 (Bkrtcy. S.D.Cal.1982); *In re Alexander,* 11 B.R. 313, 314–315 (Bkrtcy.S.D.Ohio 1981). *See also Henson v. Beavers,* 26 B.R. 502, 504–505 (Bkrtcy.N.D.Ala.1983); *Los Angeles Title and Trust Deed Co. v. Risser,* 22 B.R. 868, 870 (Bkrtcy.S.D.Cal.1982); *Majors v. Capitol Chevrolet Co.,* 19 B.R. 275, 278 (Bkrtcy. M.D.Tenn.1982); *Chrysler Credit Corp. v. Cooper,* 11 B.R. 391, 395 (Bkrtcy.N.D.Ga. 1981); *Ford Motor Credit Co. v. Lewis,* 8 B.R. 132, 137 (Bkrtcy.D.Idaho 1981); *Associates Commercial Corp. v. Brock,* 6 B.R. 105, 108 (Bkrtcy.N.D.Ill.1980). Upon con-

---

1. Although each debtor filed a separate Chapter 13 plan, both plans contained identical provisions.

2. 11 U.S.C.A. § 1327(a) (West 1979) provides:

"(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

firmation, all property of the estate, including the debtors' automobile, vested in the debtors free and clear of any claim or interest of any creditor provided for by the plan except as otherwise provided in the plan itself or in the order confirming the plan. 11 U.S.C.A. § 1327(b) & (c) (West 1979). The creditor Ford thus has no more right to receive these insurance proceeds than it would to repossess the debtors' automobile had it not been destroyed.[3] The debtors nevertheless have agreed that Ford should be paid the remaining amount owed on its secured claim from these insurance proceeds.

The court will therefore enter an order that Ford shall receive from these insurance proceeds the present amount due it as a secured claimant under the debtors' Chapter 13 plans with the remainder being disbursed to the debtor William J. Tucker. The debtors' plans shall be modified under 11 U.S.C. § 1329(a)(3) to reflect that Ford's secured claim has been fully paid outside the plan.[4]

IT IS, THEREFORE, SO ORDERED.

---

**3.** The court would note that, to the extent a creditor possesses a lien under the Chapter 13 plan in insurance proceeds derived from damaged or destroyed collateral, the debtor could not retain these proceeds without first obtaining the approval of that creditor or the court.

**4.** 11 U.S.C.A. § 1329(a)(3) (West 1979) provides as follows:

"(a) At any time after confirmation but before the completion of payments under a plan, the plan may be modified to—

.    .    .    .    .

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan."