**In re Marion N. CLARK, Debtor.**

**Bankruptcy No. 82–02386G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 27, 1984.

Leonard Rubin, Philadelphia, Pa., for debtor, Marion N. Clark.

Lawrence T. Phelan, Frank Federman, Philadelphia, Pa., for movant, Veterans Administration.

James J. O'Connell, Philadelphia, Pa., Standing trustee in Chapter 13.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question presented in the controversy before us is whether we should grant a creditor's request for relief from the automatic stay notwithstanding the confirmation of the debtor's chapter 13 plan. For the reasons outlined below we will deny such relief.

The facts of this case are as follows:[1] The debtor filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code") on May 27, 1982. The Veterans Administration ("the VA") moved for relief from the stay, alleging that the debtor was failing to tender current payments on the VA's mortgage. Shortly thereafter a hearing on the debt-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 362(d) states as follows:
    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

or's plan was held and an order of confirmation was duly entered. Neither a proof of claim nor an objection to confirmation was filed by the VA.

■ Immediately upon the filing of a petition under the Code a stay arises which generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate. 11 U.S.C. § 362(a);[2] *Provident Mutual Life Insurance Co. v. Winslow Center Associates (In Re Winslow Center Associates)*, 32 B.R. 685, 686 (Bkrtcy.E.D.Pa.1983). In the absence of an order confirming the plan, the VA's motion for relief from the stay would have presented a colorable claim for relief, but the entry of an order of confirmation changes the complexion of the case due to 11 U.S.C. § 1327(a) which states as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The implicit conflict between §§ 1327(a) and 362(d)(2) vitiates the applicability of the latter section after confirmation, leaving only § 362(d)(1) as a basis for relief from the stay. This section provides that relief from the stay may be granted "for cause" which, after confirmation, most commonly includes the debtor's default under the plan, a failure to make necessary payments outside the plan, waste of the debtor's property or the lapse of insurance coverage. After confirmation "cause" under § 362(d)(1) may only be predicated on matters occurring after said confirmation. This necessarily bars "lack of adequate protection" under § 362(d)(1) as a basis for relief from the stay notwithstanding the

---

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.

inclusion of that language in such section, unless some significant postconfirmation event triggers the applicability of the quoted language.[3]

■ Since the VA has failed to allege any significant postconfirmation "cause" for relief from the stay, we will deny its motion. To preclude this result the VA could have filed proof of its secured claim and an objection to the confirmation of the plan. Notwithstanding this result the Administration's security interest in the debtor's property will remain intact except for diminutions resulting from any of the debtor's payments made to it under the plan.

---

**3.** Authority for the statements in the text may be found in the following cases, each of which supports the general rule (barring possibly the last cited case), and in several instances a cited case is followed by some notable characteristic of that case. The list begins with cases from this district: *Commonwealth of Pa. School Employes' Retirement Fund v. Pizzullo (In re Pizzullo)*, 33 B.R. 740 (Bkrtcy.E.D.Pa.1983) (on default under plan, relief under 362(d) may be sought without setting aside confirmation or conversion of case); *Presidential Commercial Fund, Inc. v. Jones (In re Jones)*, 26 B.R. 142 (Bkrtcy.E.D.Pa.1983) (recognized the existence of the rules outlined above but the court stated that when the debtor did not introduce evidence that she was current in payments under the plan, § 1327(a) would not bar relief from the stay); *Commonwealth of Pennsylvania v. Flick (In re Flick)*, 14 B.R. 912 (Bkrtcy.E.D.Pa.1981); *In re Norton*, 15 B.R. 623 (Bkrtcy.E.D.Pa.1981) (confirmation of chapter 13 plan binds IRS which is thus barred from seeking relief from the stay to setoff mutual obligations); *U.S.A. v. Hammett (In Re Hammett)*, 21 B.R. 923 (Bkrtcy.E.D.Pa. 1982) (see *Norton* ); *In Re Hackney*, 20 B.R. 158 (Bkrtcy.D.Idaho 1982) (see *Norton* ); *In Re Holcomb*, 18 B.R. 839 (Bkrtcy.S.D.Ohio 1982) (see *Norton* ); *Anaheim Savings and Loan Assoc. v. Evans (In Re Evans)*, 22 B.R. 980 (Bkrtcy.S.D. Cal.1982), *aff'd* at 30 B.R. 530 (Bkrtcy.App. 9th Cir.1983) ("An order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing. *See, In re Lewis*, 8 B.R. 132, 137 (Bkrtcy.D.Idaho 1981). Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. The issues of adequate protection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan." 30 B.R. at 531.) *Ford Motor Credit Co. v. Lewis (In Re Lewis)*, 8 B.R. 132 (Bkrtcy.D.Idaho 1981) ("The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan of that debtor was willfully committing waste or failing to insure, etc." 8 B.R. at 137); *Associates Commercial Corp. v. Brock (In re Brock)*, 6 B.R. 105 (Bkrtcy.N.D.Ill.1980) ("It would appear that [after confirmation a secured] creditor's remedies are limited to a motion to convert or dismiss in the event the debtor defaults in the payments required to be made to the trustee." 6 B.R. at 108); *Chrysler Credit Corp. v. Landers (In Re Landers)*, 28 B.R. 101 (Bkrtcy.N.D.Ala.1983) (lapse in insurance stated as possible basis for postconfirmation relief); *Henson v. Beavers (In re Beavers)*, 26 B.R. 502 (Bkrtcy.N.D.Ala.1983); *Los Angeles Title and Trust Deed Co. v. Risser (In re Risser)*, 22 B.R. 868 (Bkrtcy.S.D.Cal.1982); *Majors v. Capitol Chevrolet Co. (In Re Majors)*, 19 B.R. 275 (Bkrtcy.M.D.Tenn.1982); *arguably contra, Waterfield Mortgage Co., Inc. v. Clark (In re Clark)*, 31 B.R. 502 (Bkrtcy.S.D.Ohio 1983).