**In re Jeffrey Lynn SHAFFER and Brenda Lee Shaffer, Debtors.**

**In re Jeffrey Scott WILLIAMS and Kendra Patricia Williams, fka Kendra Patricia Gmerek, Debtors.**

**Bankruptcy Nos. 582–846, 582–1507.**

United States Bankruptcy Court, N.D. Ohio.

May 8, 1985.

Terrence J. Steel, Akron, Ohio, for Household Finance Corp. and Barclays American Financial.

Carl Hirsch, Akron, Ohio, for debtors Shaffer.

Harold Corzin, Akron, Ohio, trustee for Shaffers and Williams.

Robert Whittington, Jr., Akron, Ohio, for Scotts.

H.F. WHITE, Bankruptcy Judge.

These two cases come before the court on substantially identical motions to determine the validity of certain liens asserted against the debtors' household goods. The debtors' confirmed Chapter 13 plans provided that the liens would be deemed avoided pursuant to 11 U.S.C. section 522(f)(2).[1] The debtors failed to complete their payments under the plans, however, and both cases have been converted to liquidations under Chapter 7. At this point the creditors asserted the validity of their liens notwithstanding the fact that the liens had ostensibly been avoided while the cases were pending under Chapter 13.

Case number 582–846, *In re Jeffrey Lynn Shaffer*, was commenced on May 10, 1982. At the time the Shaffers filed their petition they owed Household Finance Corp. $2,858.14. Household Finance claimed a security interest on the debtors' household goods and furniture, which the debtors valued at $2,215.00, as security for its debt.

The Shaffers' Chapter 13 plan provided, *inter alia*, that unless Household Finance objected, its lien would be avoided upon confirmation of the plan and that it would be treated as an unsecured creditor. The plan also provided that unsecured creditors would be paid 100 percent of their allowed claims over a period of five years. Household Finance did not object to this plan and the plan was confirmed.

On November 27, 1984, the Shaffers filed their application to convert their case from Chapter 13 to a case under Chapter 7.[2] At the time this case was converted, Household Finance had been paid $1,122.19.

Case number 582–1507, *In re Jeffrey Scott Williams*, was commenced as a case under Chapter 13 on August 31, 1982. At the time this case was commenced, the Williams were indebted to Barclays American Financial, Inc. in the amount of $616.00. Barclays claimed a nonpossessory, nonpurchase-money security interest in all of the debtors' household goods and furnishings which the debtors valued at $800.00. The Williams' Chapter 13 plan provided that Barclays' lien would be avoided pursuant to 11 U.S.C. section 522(f)(2) and that Barclays would be treated as an unsecured creditor. The plan also provided that unsecured creditors would receive 51 percent of the amount of their allowed claims over a period of five years.

---

1. 11 U.S.C. section 522(f)(2) provides:

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

 (2) a nonpossessory, nonpurchase-money security interest in any—

 (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

 (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

 (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

2. Pursuant to 11 U.S.C. section 1307(a), a debtor's application to convert a case from Chapter 13 to a case under Chapter 7 is self-executing without a court order: "The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the righ*t* to convert under this subsection is unenforceable."

On June 11, 1984, the Williams filed their application to convert their case to a case under Chapter 7. At the time this case was converted, Barclays had been paid a total of $79.00 while the case was pending under Chapter 13.

In neither of these cases did the debtors bring a separate proceeding to avoid the liens of the creditors.[3] Instead, the debtors sought to avoid the liens pursuant to the terms of the Chapter 13 plans, which were confirmed by order of this court. The question before the court, therefore, is whether debtors may avoid creditors' liens pursuant to the terms of confirmed Chapter 13 plans where the debtors themselves fail to comply with the terms of their plans, terminate the Chapter 13 proceedings, and convert their cases to cases under Chapter 7.

It should be noted at the outset that this question is not academic. The Sixth Circuit has recently held that debtors claiming exemptions under the Ohio exemption statutes may not avoid liens under 11 U.S.C. section 522(f)(2). *In re Spears*, 744 F.2d 1225 (6th Cir.1984). *See also, In re Pine*, 717 F.2d 281 (6th Cir.1983), *cert. denied sub. nom. Pine v. Creditthrift of America, Inc.*, — U.S. —, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). These Chapter 13 plans were confirmed before the Sixth Circuit issued its *Pine* and *Spears* decisions, during which time this court allowed debtors to avoid liens under section 522(f)(2). *See, e.g., In re Curry*, 5 B.R. 282 (Bkrtcy. N.D.Ohio 1980), *aff'd*, 11 B.R. 716, 7 B.C.D. 968 (D.C.N.D.Ohio 1981), *rev'd on other grounds*, 698 F.2d 298 (6th Cir.1983). Since the Sixth Circuit has found this practice to be erroneous, the debtors will not be able to avoid these liens in a future pro-

ceeding should this court determine that these liens have not been avoided.

The debtors do not attack the rationale of *Pine* and *Spears*. Nor do they seek to avoid these liens in the present proceeding. Indeed, they argue that the liens were previously avoided when this court confirmed their Chapter 13 plans. They argue that, pursuant to 11 U.S.C. section 1327(a)[4], the creditors are bound by the Chapter 13 plans under the terms of which their liens were avoided. They also offer the closely related argument that the orders confirming the Chapter 13 plans which provided for the avoidance of the liens are res judicata, and that the creditors are barred from relitigating the issue of whether their liens were avoided.

Section 1327(a) does indeed provide that a creditor is bound by the terms of a confirmed Chapter 13 plan. It also provides, however, that the debtor shall be similarly bound. The debtors in the present cases ignore this second proposition. They assume that the creditors are bound by the plan without regard to whether the debtors comply with the plan. The court must reject this simplistic analysis.

The court recognizes that most decisions have held that creditors are bound by the terms of a confirmed Chapter 13 plan. *In re Clark*, 38 B.R. 683 (Bkrtcy.E.D.Pa.1984); *In re Evans*, 22 B.R. 980, 9 B.C.D. 850 (Bkrtcy.S.D.Cal.1982) aff'd. 30 B.R. 530, 10 B.C.D. 1071 (Bkrtcy.App. 9th Cir.1983); *In re Beavers*, 26 B.R. 502 (Bkrtcy.N.D.Ala. 1983); *In re Holcomb*, 18 B.R. 839, 8 B.C.D. 1236 (Bkrtcy.S.D.Ohio 1982); *In re Lewis*, 8 B.R. 132, 7 B.C.D. 105 (Bkrtcy.D. Id.1981). There was no indication in these cases, however, that the debtors therein had failed to comply with the plans. Some of these cases even indicated that a differ-

---

**3.** Under the former Bankruptcy Rules, which were in effect at the time these Chapter 13 plans were confirmed, a proceeding to avoid a lien had to be brought as an adversary proceeding. Rule 701(2). Under the present Bankruptcy Rules such a proceeding is commenced by motion. Bankruptcy Rule 4003(d). Technically speaking, therefore, the debtors did not follow the proper procedure to avoid these liens. Since the creditors did not object and the plans

were confirmed, any technical objection must be deemed waived.

**4.** 11 U.S.C. § 1327(a) provides as follows: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

ent result would have been reached if the debtors had not complied with the terms of the plan. *In re Evans,* 22 B.R. at 983, 9 B.C.D. at 852; *In re Lewis,* 8 B.R. at 137, 7 B.C.D. at 108.

In cases where the debtors have failed to comply with their plans, courts have found that section 1327(a) does not bind the creditors. *Smith v. No. 2 Galesburg Crown Finance Corp.,* 615 F.2d 407 (7th Cir.1980); *In re Jones,* 26 B.R. 142 (Bkrtcy.E.D.Pa. 1983). Although the *Galesburg Crown Finance* case involved a Chapter XIII Wage Earner's Plan under the former Bankruptcy Act of 1898, the court finds that its rationale is applicable to cases brought under the Bankruptcy Code. In this case the debtors argued that the creditor was bound by the terms of the Chapter XIII Plan even though the debtors themselves had converted to a straight bankruptcy without completing the payments under the plan. Section 657 of the Act, the predecessor of the present section 1327(a) of the Bankruptcy Code, does indeed provide that creditors are bound by the terms of a confirmed plan.[5] Nonetheless, the court held that the creditor was not bound by the terms of the abandoned plan:

> The debtors attempt to take advantage of the provisions of their plan, without having completed their own payments under the plan. The Bankruptcy Act does not allow such a one-sided use of the terms of a Wage Earner's Plan.... the Plan having been abandoned by the debtors prior to discharge, the original claim was revived, less payments actually received, and the terms of the abandoned plan were not controlling so as to convert part of the secured debt into an unsecured debt.

*Smith v. No. 2 Galesburg Crown Finance Corp., supra* at 411.

In *In re Jones, supra,* the court held that 11 U.S.C. section 1327(a) would not prevent a mortgagee from obtaining relief from the automatic stay where the debtor had failed to comply with the terms of her Chapter 13 plan. The court recognized that section 1327(a) generally operates to defeat a creditor's request for relief from stay under 11 U.S.C. section 362. But it held that a debtor is not entitled to the protection of section 1327(a) where the debtor fails to make the payments required by the plan.

This conclusion is supported by the leading treatise on bankruptcy: "A composition plan under chapter 13 therefore ultimately binds creditors only to the extent that there is compliance by the debtor with the terms of the plan, unless the court grants a discharge under section 1328(b)." 5 *Collier on Bankruptcy,* paragraph 1327.01(1) at 1327–2 (15 ed. 1985).

■ It is undisputed in the present cases that the debtors have failed to comply with their Chapter 13 plans. Under these circumstances, the rationale of *Jones* and *Galesburg Crown Finance* must apply. The court concludes, therefore, that the creditors are not bound by the terms of the Chapter 13 plans. These plans have been abandoned and their terms no longer have effect. Having failed to comply with the requirements of their Chapter 13 plans, the debtors are barred from claiming any benefits provided thereunder.

■ The court must also reject the debtors' res judicata argument. Under the principle of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981), citing *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), and *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1877). *See also Westwood Chemical Co. v. Kulick,* 656 F.2d 1224 (6th

---

5. Section 657 of the Bankruptcy Act of 1898, the former 11 U.S.C. section 1057, provides:

> Upon confirmation of a plan, the plan and its provisions shall be binding upon the debtor and upon all creditors of the debtor, whether or not they are affected by the plan or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed or are allowable.

Cir.1981). The principle of res judicata applies even though the final judgment rested on a subsequently overruled legal principle. *Federated Department Stores, Inc. v. Moitie, supra.* (Thus, if res judicata were to apply, which it does not, the liens would be deemed avoided notwithstanding the *Pine* and *Spears* decisions.) The court does not dispute the validity of this legal principle; it merely finds that it is inapplicable to the present case. The underlying issue is whether the orders confirming the Chapter 13 plans were "final judgments on the merits of the actions" for purposes of res judicata.

The debtors cite *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir.1972) for the proposition that:

An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court, and any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine res judicata. (Citations omitted.)

The court finds that this proposition does not apply to the facts of the present cases.

*Miller v. Meinhard-Commercial Corp. supra* was a case under Chapter XI of the Bankruptcy Act of 1898. Under Chapter XI, a debtor is generally discharged from all of such debtor's debts upon confirmation of the arrangement.[6] This is also the case under the present Chapter 11 of the Bankruptcy Code.[7] Thus, in cases under these Chapters, the rights of creditors and debtors are generally fixed upon confirmation of the plan.

Chapter 13 is different. A debtor is not discharged upon confirmation of the plan. Generally, a discharge is not granted until all payments under the plan have been completed.[8] Thus, the confirmation of a Chapter 13 plan does not operate as a final determination of the rights of the debtors and creditors. At best, it operates as only a provisional determination of these rights. The final determination occurs only upon the order denying or granting a discharge.

Other aspects of Chapter 13 should also be considered when deciding whether the

6. Section 371 of the Bankruptcy Act of 1898, the former 11 U.S.C. section 771, provides as follows: "The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 17 of this Act, are not dischargeable."

7. 11 U.S.C. section 1141(d)(1)(A) provides as follows:

Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h) or 502(i) of this title, whether or not—
(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
(ii) such claim is allowed under section 502 of this title; or
(iii) the holder of such claim has accepted the plan; ...

8. 11 U.S.C. section 1328(a) provides:

As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title except any debt—
(1) provided for under section 1322(b)(5) of this title; or
(2) of the kind specified in section 523(a)(5) of this title.
If the debtor fails to complete all payments under the plan, the debtor might be able to obtain a hardship discharge under section 1328(b), which provides as follows:
At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
(3) modification of the plan under section 1329 of this title is not practicable.

doctrine of res judicata should apply. Chapter 13 relief is strictly voluntary; the debtor cannot be forced into Chapter 13.[9] Unlike Chapter 11, only a debtor can file a plan under Chapter 13.[10] Furthermore, a debtor is not irrevocably bound by a decision to commence a Chapter 13 case. As was already mentioned, a debtor has an absolute right to convert to a case under Chapter 7 at any time.[11] Indeed, despite the binding effect of a confirmed plan pursuant to section 1327(a), a debtor can convert to a Chapter 7, as the debtors in the present cases did, after the Chapter 13 plan is confirmed. A debtor also has an absolute right to dismiss at any time a case which was originally filed under Chapter 13.[12]

■ Because of these unique factors, a court should apply the doctrine of res judicata very carefully in the context of litigation under Chapter 13. Clearly, the court's orders confirming the Chapter 13 Plans were final for purposes of appeal. They were not final, however, for purposes of res judicata. The debtors always had the option, which they exercised in the present cases, of converting or voluntarily dismissing their Chapter 13 cases. If the orders confirming the plans are not res judicata as to the debtors, then they are not res judicata as to the creditors.

■ The court recognizes that some courts have stated that the confirmation of a Chapter 13 plan is res judicata as to all issues that were or could have been decided at the confirmation hearing. *In re Evans,* 30 B.R. 530, 10 B.C.D. 1071 (Bkrtcy.App.

9th Cir.1983) *aff'g* 22 B.R. 980, 9 B.C.D. 850 (Bkrtcy.S.D.Cal.1982); *In re Russell,* 29 B.R. 332 (Bkrtcy.E.D.N.Y.1983); *In re Lewis, supra.* None of these cases, however, applied the doctrine where the debtor had defaulted on the plan or had converted or dismissed the case. In the present cases where the debtors have converted to Chapter 7, the court concludes that the doctrine of res judicata does not bind the creditors to the terms of the now abandoned Chapter 13 plans.

This conclusion does not undermine the doctrine of res judicata. If the debtors had commenced formal proceedings to avoid these liens,[13] then the conversion of their cases to Chapter 7 would not have affected the finality of any orders avoiding their liens. In such a case, the creditors would have been barred under the doctrine of res judicata from relitigating the validity of their liens even though the original orders avoiding the liens were based on an erroneous interpretation of law.

■ In the present cases, the debtors did not avoid the liens in formal proceedings. Instead, they sought to avoid these liens pursuant to the terms of their Chapter 13 plans. The doctrine of res judicata must therefore be viewed in a different light, as reflected by the unique features of Chapter 13.

All the strategic advantages lie with the debtor in Chapter 13. Although section 1327(a) states that both the debtor and the creditors are bound by the terms of a confirmed Chapter 13 plan, this is not literally true. The creditors are bound so long as

---

9. 11 U.S.C. section 303(a) makes clear that an involuntary case may not be commenced under Chapter 13: "An involuntary case may be commenced only under chapter 7 or 11 of this title, . . ."

10. Under 11 U.S.C. section 1121(c), and subject to certain contingencies, any party in interest can file a plan in a case under Chapter 11. But the applicable provision for cases under Chapter 13, 11 U.S.C. section 1321, states: "The debtor shall file a plan."

11. See note 2, *supra.*

12. 11 U.S.C. section 1307(b) provides as follows: "On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

13. See note 3, *supra.*

the debtor complies with the plan. The debtor, however, is free to abandon the plan at any time. The creditors cannot force the debtor to comply with the plan. In essence, therefore, whether an order confirming a Chapter 13 plan is final, for res judicata purposes, is under the debtor's control. If the debtor complies with the terms of the plan, then the creditors will be bound. But it would be inequitable and unjust to hold that creditors are bound to the terms of a plan which the debtor has freely abandoned.

This is especially true in the present cases. In the *Shaffer* case the plan proposed to pay unsecured creditors 100 percent of their allowed claims. Although Household Finance could have contested that provision of the debtor's plan which would have avoided its lien, it had no incentive to do so. In the *Williams* case there was also little incentive to contest the provisions of the debtor's plan. The plan proposed to pay Barclays 51 percent of its claim of $616.00.

It is within the power of the bankruptcy court to assure that the provisions of Chapter 13 are not abused. *Perry v. Commerce Loan Co.,* 383 U.S. 392, 404, 86 S.Ct. 852, 859, 15 L.Ed.2d 827 (1966). To hold that creditors, but not debtors, are bound by the terms of plans which the debtors themselves propose, would be to open the door to abuse and fraud. The bankruptcy court is a court of equity, *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), and equity demands that a creditor shall not be bound to a plan which a debtor has repudiated.

The court's decision in the present cases rests on certain broad principles concerning the nature of Chapter 13 relief and the effect of a Chapter 13 plan with which the debtors have not complied. In applying these principles to the present case, the court finds that the liens have not been avoided. The court recognizes that this result is somewhat technical; if the debtors had undertaken formal proceedings specifically to avoid these liens, then res judicata might apply and the result might be different. It was the debtors' decision to avoid these liens pursuant to their Chapter 13 plans, however, and they must now live with the consequences of their failure to comply with the terms of their plans.

The court also recognizes that the taking of security interests in household goods can lead to abuses on the part of finance companies. This was the reason why Congress initially enacted 11 U.S.C. section 522(f). Although the debtors can no longer avoid these liens, they are not without a remedy. Congress has provided that the debtors can redeem their property, thus extinguishing the creditors' liens, by paying to the creditors an amount equal to the value of the property.[14]

## CONCLUSION

The court finds that a creditor is bound by the terms of a confirmed Chapter 13 plan only so long as the debtor complies with the plan. If the debtor converts from Chapter 13 to Chapter 7, then neither 11 U.S.C. section 1327(a) nor the doctrine of res judicata will bar a creditor from relitigating issues which were or could have been decided at the hearing on the confirmation of the Chapter 13 plan.

In the present cases, the debtors converted to Chapter 7 without completing the payments under their plans. The plans have been abandoned. Thus the terms of the plans purportedly avoiding the liens of the creditors are no longer effective and the creditors may assert their liens against the collateral.

**14.** 11 U.S.C. Section 722 provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.