In re Joseph Allen McPHERSON,
Barbara Janet McPherson,
Debtors.

Bankruptcy No. 93–10343.

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Feb. 22, 1999.

Sidney N. White, Chapter 13 Trustee, Lexington, Kentucky, pro se.

Ronda C. Gunter, Huntington, West Virginia, for Member's Choice Credit Union.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter has come before the Court for resolution of the issue of whether an undersecured creditor in a Chapter 13 proceeding must release its lien once it has been paid the secured portion of its claim and all plan payments have been made. Member's Choice Credit Union, formerly Ashland Armco Employees Credit Union ("the creditor"), maintains that it should not be required to release its lien until the debtors have received a discharge. For the reasons set out below, this Court has concluded that once all payments have been made under a confirmed Chapter 13 plan and there are no impediments to entry of an order of discharge, the debtors are entitled to the release of liens on collateral securing allowed secured claims.

The record in this case shows that the debtors' Plan was confirmed on February 16, 1994. It provided at ¶ 5 that "[t]he holder of any allowed secured claim provided for by the plan shall retain a lien securing such claim until the amount for which the claim is allowed as secured is paid in full. 11 U.S.C. §§ 1325(a)(5)(B)(I), 1327(c)." When the Chapter 13 Trustee filed his Report and Recommendation as to Confirmation it noted that the creditor's claim was for $9,460.10, and that it was secured in the amount of $6,975.00 by a 1991 Plymouth Sundance automobile. The Report and Recommendation further provided: "Creditors holding allowed secured claims are entitled to a discount to

the extent of the secured amount at the rate of 10% interest, and should file supplemental claims for the discount when they have received the secured amount."

The Trustee filed a Motion to Require Release of Lien and Assessment of Penalties on October 21, 1998. In his Memorandum in Support of Motion he stated that the full amount of the secured claim had been paid in full by February 28, 1996, and that the debtors had completed all payments to the Trustee required by their plan on September 21, 1998. Thereafter, he stated, the creditor denied the debtors' request for release of the lien on the automobile, maintaining that the discharge must be entered before the debtors were entitled to a lien release.

In its Memorandum in Response to Motion to Require Release of Lien, the creditor contended that it should not be required to release its lien on the automobile before the discharge is entered because requiring such action would be "inequitable and unfair," as well as "violative of the Bankruptcy Code." It cited a variety of cases, including *In re Burba*, 42 F.3d 1388 (Table, Text in WESTLAW), Unpublished Disposition, 1994 WL 709314, (6th Cir.(Ky.), Nov. 10, 1994), in support of its position. The creditor's reliance on this case was misplaced, not only because it is unpublished, but because it does not stand for the proposition put forth by the creditor.

The creditor seemed to contend that the central theme of *Burba* in regard to a Chapter 13 case was contained in the following statement: "We believe the advantages available under Chapter 13 are reserved to the financially rehabilitated debtor who successfully completes the Chapter 13 plan and receives a discharge pursuant to 11 U.S.C. § 1328(a)." The language immediately following that statement is more instructive:

> We find that in the present case the initial valuation was made for purposes of a Chapter 13 confirmation whereas now a motion to redeem is before the court and conclude that a lien cannot be extinguished in Chapter 7 through a Chapter 13 provi-

sion. Therefore, we hold that for purposes of redemption pursuant to § 722, a debtor may not redeem qualifying personal property from the lien of a creditor by paying the remaining balance due on the creditor's Chapter 13 'allowed secured claim,' but the value of the collateral must be redetermined upon conversion.

At WL page 11. This holding articulates the essence of *Burba*, which as the Trustee pointed out, was a concern with forced installment-plan redemption under 11 U.S.C. § 722. *Burba* does not support the creditor's position that a lien under a completed Chapter 13 plan cannot be released until the debtors receive a discharge.

Similarly, the other cases cited by the creditor are concerned with debtors who converted their Chapter 13 cases to Chapter 7 cases and attempted either to avoid liens pursuant to 11 U.S.C. § 522 under the terms of their Chapter 13 plans, or to circumvent the prohibition against lien stripping in Chapter 7. In one of those cases, *In re Shaffer*, 48 B.R. 952 (Bkrtcy.N.D.Ohio 1985), the creditor made much of the following language, especially the last sentence:

> A debtor is not discharged upon confirmation of the plan. Generally, a discharge is not granted until all payments under the plan have been completed. Thus, the confirmation of a Chapter 13 plan does not operate as a final determination of the rights of the debtors and creditors. At best it operates as only a provisional determination of these rights. The final determination occurs only upon the order denying or granting a discharge.

At 956. The Trustee, however, never took the position that confirmation of the debtors' plan was the operative event for purposes of release of the creditor's lien. On the contrary, the Trustee, while arguing that a lien should be released upon payment of a creditor's secured claim, also pointed out a fact ignored by the creditor: once the debtors successfully completed their plan, they were entitled to a discharge. The *Shaffer* court acknowledged as much in the language set out above.

Further, there was nothing left for the debtors to do to "earn" a discharge, nor anything they could do. As the Trustee stated in his Reply Memorandum, "[o]nce the debtors have completed their plan, they have no further control over those administrative and ministerial functions needed to be performed by the Trustee and Court to have the discharge entered." To use the creditor's own argument, it would be inequitable and unfair, as well as unreasonable, to deny the debtors release of the lien on the automobile because they do not yet have a discharge order in hand. As the Trustee pointed out, the only way the creditor would be in danger of being deprived of the protection provided by 11 U.S.C. § 349(b)(1)(C), which reinstates a lien avoided under § 506(d) in the event of a dismissal, is if the lien were released while dismissal were still a possibility. In a case where the debtors have completed all their plan payments, as here, such a possibility is not a likely event since the debtor has complied with the terms of a confirmed plan.

■ The Trustee's position, that lien extinguishment did occur when the secured portion of the debt was paid in February 1996, does have some support in case law. In *In re Murry-Hudson*, 147 B.R. 960 (Bkrtcy. N.D.Cal.1992), the court held that

> .... it must be concluded that a Chapter 13 debtor is permitted not merely to alter the amount and terms of payment of her secured debts, but to hold the property free and clear of liens after paying the allowed secured claims in accordance with the provisions of her confirmed plan.

At 962. This Court believes, however, that in order to protect the creditor from premature lien termination, and insure that the debtor is not held hostage beyond the time he/she has performed according to the confirmed plan, that the better approach is to require that a lien be released upon successful completion of the Chapter 13 plan, but before a discharge is entered.

■ The Trustee has requested that the Court sanction the creditor for not releasing its lien upon the Trustee's request. Sanctions do not appear to be appropriate where, as here, there is a reasonable argument to be made for the creditors position and the Court finds that the creditor has proceeded to assert its rights in good faith.

An order in conformity with this opinion will be entered separately.