**In re Michael Joseph
TLUSCIK, Debtor.**

**Bankruptcy No. 88–03187–2.**

United States Bankruptcy Court,
W.D. Missouri.

Jan. 8, 1991.

Marilyn S. Gussman, E. Ann Wright, Kansas City, Mo., for GMAC.

Maurice B. Soltz, Kansas City, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

General Motors Acceptance Corporation (hereinafter GMAC) purchased a motor ve-

hicle retail time installment contract from Lester Moore Chevrolet in October or November of 1984. The buyers were Fred and Gina Rhodus, and the vehicle was a 1984 Chevrolet Cavalier. Fred and Gina Rhodus were subsequently divorced; Gina married Michael Joseph Tluscik; and the title to the 1984 Cavalier was reissued in the names of Gina R. Tluscik and Michael J. Tluscik. In 1988, Michael J. and Gina E. Tluscik filed a petition under Chapter 13. GMAC was listed as a creditor with a balance of $3,500.00 secured and $1,397.87 unsecured. GMAC subsequently filed a claim for $3,525.00 secured and $1,372.87 unsecured. The Tlusciks paid until October of 1990, at which time Michael J. Tluscik filed a motion to convert to Chapter 7 as to him and Gina E. Tluscik filed a motion to dismiss as to her. Both motions were no sooner granted than GMAC filed a motion to lift stay and Michael J. Tluscik filed an application for redemption. Each pleading was responded to by the other party and both matters were tried to the Court on December 28, 1990, primarily upon stipulation. In addition to the above facts the parties agreed that GMAC had received $3,389.76 principal and $415.16 interest from the Chapter 13 Trustee on its secured claim; nothing on its unsecured claim; and that the balance on the secured claim was $135.26 on the date of conversion.

It is GMAC's two tined contention that Michael J. Tluscik cannot redeem the 1984 Cavalier for the amount of the allowed secured claim, (its present value) and even if he can it is the value as of the date of conversion that determines the amount of a secured claim (not the Chapter 13 value less payments). GMAC bases the first point on the claim that Gina, not Joseph, is the owner of the vehicle and places substantial reliance on *In re Pipes*, 78 B.R. 981 (Bkrtcy.W.D.Mo.1987). The Court believes that said reliance is misplaced. The facts in the two cases are completely opposite. Title to the pickup truck in *Pipes*, had been determined to be in Sherry Pipes. Keith Pipes had no ownership and no known interest in the truck which was not intended to be used "primarily for personal, family,

or household use". 11 U.S.C. § 722. In the instant case, the best evidence of title is the certificate of title issued by the state. The copy of said certificate showed Gina E. Tluscik and Michael Joseph Tluscik as owners of the vehicle. Whether Michael J. Tluscik obtained his title by purchase, gift, or whatever mode, the best evidence before the Court is that he is an owner and that he made all the Chapter 13 payments on the vehicle. The Court rules that he is an owner and that he can redeem.

The question then becomes can he redeem for the balance of the 1988 allowed secured claim from the Chapter 13 proceeding, or should the redemption be determined as to the secured value as of the date of conversion? Although the cases are not unanimous, the majority of cases seem to indicate that it is the Chapter 13 secured claim value which is determinative and not the secured claim value at the time of conversion. See *In re Hargis*, 103 B.R. 912 (Bkrtcy.E.D.Tenn.1989) and cases cited therein. Further, although it cites no cases therefor, Collier makes the statement:

> "If the allowed secured claim is not fully satisfied in the Chapter 13 plan ... a lien will continue to exist only to the extent that the allowed secured claim has not been fully paid". *5 Collier on Bankruptcy*, Paragraph 1300.73 at 1300–148 (15th Ed.1989).

This Court believes that to be a fair statement of the existing law. To rule otherwise would be to afford an undersecured creditor two bites of the same apple.

Finally, there is a most practical reason to adopt the foregoing law in this case. GMAC was proceeding upon the average value ($1,945.00) shown by the NADA Book for November of 1990. GMAC's representatives had never seen the vehicle. The unrebutted testimony of debtor was that the vehicle had suffered substantial front end damage at a shopping mall and had not been repaired by debtor because debtor could not accumulate funds to pay the $250.00 deductible. Also the unrebutted testimony that the radiator had a substantial leak and that the transmission had just gone out bears most importantly on

the value of the motor vehicle. Based on said evidence the Court finds that the present value is little more than the $135.26 balance of the allowed secured claim.

In view of all of the above, GMAC's Motion For Lift of Stay is DENIED. Debtor's Motion To Redeem is GRANTED. Debtor may redeem upon payment of $135.26 plus interest thereon from the date of conversion. Said payment must be made in cash within thirty (30) days.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.