In re Harl Brady GAMMON and Ruby Alline Gammon, husband and wife, Debtors.

Harl Brady GAMMON and Ruby Alline Gammon, husband and wife, Appellants,

v.

CHRYSLER CREDIT CORPORATION, Appellee.

No. CIV–92–1211–L.
Bankruptcy No. 89–5130–TS.

United States District Court,
W.D. Oklahoma.

May 24, 1993.

Kenneth C. McCoy, Oklahoma City, OK, for debtors/appellants.

Michael L. Loyd, Pat H. Brown, Oklahoma City, OK, for creditor/appellee.

## ORDER

LEONARD, District Judge.

This matter comes before the Court on appeal from a Bankruptcy Court's denying Debtors' Motion To Redeem. Upon review of the applicable law in this matter, the Court affirms the Bankruptcy Court's decision.

## CASE HISTORY

The Debtors filed a Chapter 13 Bankruptcy Petition on August 18, 1989. The plan was confirmed on October 30, 1990. The confirmed plan called for Chrysler Credit Corporation, Appellee herein, to be paid the full amount of their allowed secured claim in the amount of $8,237.50 at 10% interest. The confirmed plan further provided for repayment of the remainder of Chrysler Credit Corporation's claim with other unsecured creditors through the completion of the plan after all other classes were paid, on a pro rata share with other unsecured creditors.

On January 15, 1992, the Debtors converted their case to a Chapter 7 proceeding. Following conversion, the Debtors filed a motion to redeem their collateral, the 1986 Dodge van, from Chrysler Credit Corporation for the amount of $0.00 which represented the remaining balance due on the allowed secured claim. Following objections by Chrysler Credit Corporation, the Bankruptcy Court issued an order denying Debtors' motion to redeem tangible personal property.

## STANDARD OF REVIEW

In reviewing a Bankruptcy Court's decision, the District Court functions as an Appellate Court and is authorized to affirm, reverse or modify the Bankruptcy Court's ruling or to remand the case for further proceedings. Bankruptcy Rule 8013. The Court is bound to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous, and the same rule applies to decisions involving mixed questions of law and fact. *Nulf v. International Paper Co.*, 656 F.2d 553, 558 (10th Cir.1981). The Appellate Court must review the Bankruptcy Court's purely legal determinations *de novo*. *First Bank of Colo. Springs v. Mullet (In re Mullet)*, 817 F.2d 677, 678–679 (10th Cir.1987).

## ISSUE IN THE CASE

The issue before this Court is whether a debtor, after converting from Chapter 13 to Chapter 7, may redeem his collateral pursuant to 11 U.S.C. § 722, qualifying personal property, from the lien of a creditor by paying the remaining balance due on the creditor's Chapter 13 allowed secured claim.

After review of the record below and a careful consideration of the cases cited by the parties, the Court finds that a Debtor may not redeem his collateral in a Chapter 7 proceeding by payment on the "stripped down" lien obtained in a Chapter 13 proceeding.

## ANALYSIS

Section 506 of the Bankruptcy Code provides in pertinent part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim....

....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Accordingly, the creditor's lien may be bifurcated into a claim which reflects the market value of the collateral, which is the allowed secured claim, and an unsecured claim which may be voided.

■ In a Chapter 7 proceeding, the Debtor may redeem tangible personal property intended primarily for personal or family use from a lien by paying the holder of the lien the amount of the allowed secured claim.

The authorities cited by the parties in this matter indicate a split of decision at to whether a Debtor may value his allowed secured claim in a Chapter 13 proceeding, convert to Chapter 7, and void the lien securing that claim to the extent that the claim exceeds the underlying value of the security. Debtors cite *In re Hargis*, 103 B.R. 912, 916 (Bankr.E.D.Tenn.1989); *In re Tluscik*, 122 B.R. 728, 729 (Bankr.W.D.Mo. 1991), and *In re Bunn*, 128 B.R. 281 (Bankr.D.Idaho 1991) in support of allowing a Debtor to strip down its lien by the above-described process. Chrysler Credit Corporation relies primarily upon *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *In re Shrum*, 98 B.R. 995 (Bankr.W.D.Okla.1989); and *In re Shaffer*, 48 B.R. 952 (Bankr.N.D.Ohio 1985) in support of the position that a Debtor may not strip down its lien by converting from Chapter 13 to Chapter 7. The cases cannot be reconciled.

The Bankruptcy Court cited several reasons why it believed that the better result was to not allow the debtor to strip down a creditor's lien in this manner. The Bankruptcy Court stated the following:

There are several reasons why this Court believes the holding in *Shaffer* is the better result. 48 B.R. at 958. First, the United States Supreme Court, in *Dewsnup*, held that a secured claim cannot be bifurcated in a Chapter 7 case. — U.S. at —, 112 S.Ct. at 778. In this case, Debtors are attempting to achieve by converting their case to one under Chapter 7 that which they could not have achieved had they originally filed under Chapter 7. Secondly, while Debtors can, under the provisions of § 722, redeem certain collateral in a Chapter 7 case by paying its fair value, such a redemption cannot be made in installments over the objection of the creditor. By filing first under Chapter 13, paying off the allowed secured claim portion of Chrysler's bifurcated claim over a period of time under the Chapter 13 plan and then converting to Chapter 7, Debtors would again be achieving by conversion that which could not be achieved directly in a Chapter 7 proceeding. Thirdly, to so permit Debtors to free their property from the liens of secured creditors by converting from Chapter 13 to Chapter 7 would be to provide Debtors with an incentive to so convert as soon as the allowed amount of a bifurcated secured claim is paid, which in many cases, would be before any payments have been made to unsecured creditors. To permit the expectations of the unsecured creditors to be defeated in this manner would provide a built-in in-

**18**

centive for debtors to abuse the bankruptcy process.

■ The Court agrees with the Bankruptcy Court's analysis and especially notes that the United States Supreme Court in *Dewsnup v. Timm, supra,* stated that it was reluctant to accept an argument that would interpret the code to effect a major change in pre-code practice without some discussion and legislative history. The Supreme Court was referring to the practice that liens pass through bankruptcy unaffected. The Supreme Court also noted that congressional history stated that subsection 506(d) permitted liens to pass through the bankruptcy case unaffected.

*Id.* at 779. In light of this indication by the United States Supreme Court and the analysis of the Bankruptcy Court, this Court affirms the Bankruptcy Court's decision.

### CONCLUSION

Accordingly, the Bankruptcy Court's decision is AFFIRMED.[1]

It is so ordered.

---

**1.** Chrysler Credit Corporation also filed a Motion to Dismiss Appeal which is mooted by this Order.