**In re Scott R. STODDARD, Judy M. Stoddard, Debtors.**

Bankruptcy No. 2–92–01623.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 6, 1994.

David C. Laskey, Columbus, OH, for debtors.

Terrence R. Heffernan, Columbus, OH, for Star Bank.

Michael T. Gunner, Hilliard, OH, Interim Trustee.

## *OPINION AND ORDER ON MOTION TO REDEEM*

BARBARA J. SELLERS, Bankruptcy Judge.

Before the Court is a motion filed by Scott and Judy Stoddard ("Debtors") seeking to redeem certain property subject to a security interest in favor of Star Bank pursuant to 11 U.S.C. § 722. Star Bank opposes the motion. The parties have stipulated the operative facts and the matter is before the Court on a question of law.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### I. Findings of Fact

On March 2, 1992 the Debtors filed a petition under chapter 13 of the Bankruptcy Code. At that time the Debtors owned a 1986 Chevrolet Nova ("Vehicle") upon which Star Bank had a lien. Before confirmation of the Debtors' plan, the Debtors and Star Bank stipulated that the Vehicle had a value of $2,250.00. Star Bank filed a proof of claim in the amount of $3,865.43. Thus, Star Bank had an allowed secured claim of $2,250.00 and an allowed unsecured claim of $1,615.43 at the time the Court confirmed the plan on May 12, 1992.

The Debtors converted their chapter 13 case to a chapter 7 case on July 1, 1993. The parties stipulated that during the chapter 13 phase of this case, Star Bank received all the secured portion of its claim plus interest and some of the unsecured portion (Stip. # 6). Shortly after conversion to chapter 7, the Debtors filed their motion to redeem the Vehicle and alleged that the allowed secured claim had already been paid through the chapter 13 plan. The chapter 7 trustee has abandoned the estate's interest in this Vehicle. Essentially, the Debtors seek a declaration from this Court that the amount to be paid to Star Bank to effectuate the redemption is $0.00 because Star Bank's allowed secured claim was fully paid in the chapter 13 portion of this case.

## II. Conclusions of Law

### A. The Right to Redeem under 11 U.S.C. § 722.

■ The analysis begins with a careful examination of 11 U.S.C. § 722 which provides:

> *Redemption.* An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

Redemption under this section is limited to tangible personal property primarily used for personal, family or household purposes. The property at issue here is a motor vehicle and there is no dispute that the Debtors use it for personal and family purposes. Additionally, the chapter 7 trustee has abandoned the estate's interest in this Vehicle. The parties' disagreement focuses on the status of Star Bank's lien and the amount needed to redeem the Vehicle.

The Debtors contend that Star Bank's lien was satisfied upon full payment of Star Bank's allowed secured claim during the chapter 13 phase of this case. The Debtors rely on the decision in *In re Hargis*, 103 B.R. 912, (Bankr.E.D.Tenn.1989). The debtor in *Hargis* originally filed a chapter 13 case which was subsequently converted to a chapter 7 case. Before the conversion, payments made under that debtor's chapter 13 plan fully paid an allowed secured claim held by a creditor. Following conversion, the debtor contended that the creditor no longer held a purchase money security interest in the collateral because the allowed secured claim had been fully paid through the chapter 13 plan.

The court relied upon 11 U.S.C. § 1325(a)(5)(B)(i) to hold that the creditor retained a lien on the property only to the extent of its allowed secured claim. *Hargis*, 103 B.R. at 914. Thus, the court concluded that once the debtors fully paid the creditor's allowed secured claim through their chapter 13 plan, "the lien will have been satisfied." 103 B.R. at 914. The conversion to chapter 7 did not change this result. In other words, the lien only secures the allowed secured claim, not the entire claim. *Hargis*, 103 B.R. at 915. The court held that no lien remained on the collateral. 103 B.R. at 915.

Star Bank contends that such a result amounts to "lien-stripping" and is impermissible under the United States Supreme Court's decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). This Court, however, finds that the holding in *Dewsnup* is inapplicable to these facts. *Dewsnup* involved a chapter 7 debtor who attempted to avoid a lien on real property to the extent that the debt exceeded the fair market value of the property. Although the Dewsnup court did not permit the debtor to avoid the lien, it restricted its analysis to only those facts before it. Specifically, the Dewsnup court stated: "we express no opinion as to whether the words 'allowed secured claim' have different meaning in other provisions of the Bankruptcy Code." *Dewsnup*, —— U.S. at ——, fn. 3, 112 S.Ct. at 778, fn. 3.

Star Bank also relies upon the case of *Gamon v. Chrysler Credit Corporation (In re Gamon)*, 155 B.R. 15 (W.D.Okl.1993). The facts of that case are similar to those currently before this Court. The debtors sought to redeem certain property upon which a creditor had a lien. Because the creditor's allowed secured claim had been fully paid before the conversion of the chapter 13 case to one under chapter 7, the debtors contended that the property could be "redeemed" by paying $0.00 to the creditor. The court held, however, that such a result would impermissibly "strip down" the creditor's lien. *Gamon*, 155 B.R. at 17. The court also cited several policy reasons to support its conclusion.

■ This Court believes that the plain language of 11 U.S.C. § 722 resolves the issue. Regardless of whether Star Bank's lien has been satisfied through full payment of Star Bank's allowed secured claim in the Debtors' chapter 13 case, there is no evidence before the Court to establish that the lien has been cancelled. Accordingly, the Vehicle is still

subject to Star Bank's lien. To redeem that property the Debtors must pay Star Bank the "amount of the allowed secured claim" which this Court finds to be $0.00.

■ Although the Court does not agree entirely with the analysis of the court in *Hargis,* the underlying reasoning is sound. A conversion from a chapter 13 to a chapter 7 should not nullify everything that occurred in the chapter 13. Section 348 of Title 11 does not support such a result. Payment in full of an allowed secured claim through a chapter 13 plan should carry through if that chapter 13 is subsequently converted to a chapter 7 case. Payment through a chapter 13 plan is functionally equivalent to a sale to the debtor from the estate. An equivalent of the proceeds paid to the estate by the debtor are paid to the creditor with the lien against the property. The remaining deficiency claim is unsecured. If that were not the result, debtors would have to pay the allowed secured claim twice to redeem the collateral. Surely Congress did not intend such an inequitable result.

■ This Court expresses no opinion regarding the many factual scenarios which may arise upon a conversion from chapter 13 to chapter 7. The Debtors and Star Bank stipulated the value of the Vehicle and, thus, Star Bank's allowed secured claim before confirmation of the Debtors' chapter 13 plan. Following conversion, the parties again stipulated the value of the allowed secured claim and that such claim had been fully paid in the chapter 13 case.

■ The Court holds that where value has been stipulated or judicially determined in a chapter 13 case and that case subsequently converts to one under chapter 7, absent unusual circumstances not before the Court in this case, such value establishes the redemption amount to be paid for purposes of 11 U.S.C. § 722. Accordingly, the Court finds that the Debtors, in their chapter 13 case, have paid Star Bank its allowed secured claim as required under 11 U.S.C. § 722. Because the remaining elements necessary to effectuate a redemption under 11 U.S.C. § 722 have been shown, the Court finds that the Debtors are entitled to redeem the Vehicle from Star Bank's lien for no additional payment.

## B. The Policy Arguments

■ Star Bank advances certain generalized concerns about how this decision could motivate debtors somehow to abuse the bankruptcy system. Star Bank refers to debtors' "secret intentions" to file "bogus" chapter 13s to accomplish redemptions through installments, which is not permitted under 11 U.S.C. § 722 in this circuit. *See, General Motors Acceptance Corporation v. Bell (In re Bell),* 700 F.2d 1053 (6th Cir. 1983). The court in *Gamon* expressed similar concerns. 155 B.R. at 17. But these conclusions presume motives without any supporting evidence. Fear that some debtor *might* abuse the system isn't sufficient reason to deny these Debtors the effect of the law. No specific abuse by these Debtors has even been alleged. A chapter 13 debtor's conversion of his or her case to chapter 7 does not automatically give rise to any presumption of a bad faith motive.

■ There are policy reasons which support the Court's reasoning and conclusions in this case. Where a chapter 13 debtor has fully paid the allowed secured claim and that amount was stipulated or judicially determined in the chapter 13, requiring the debtor to pay the allowed secured claim again to redeem the property would be extremely inequitable. Star Bank received its allowed secured claim and more than 10% of its allowed unsecured claim before conversion.

Star Bank has no specific allegations of any abuse of the system by these Debtors. Additionally, no evidence exists in the record to support Star Bank's fears. This Court will not make decisions based upon unwarranted unsupported fears; only on the evidence before it.

### III. *Conclusion*

For these reasons, the Court finds that the Debtors may redeem the Property from Star Bank's lien without any additional payments because Star Bank's allowed secured claim was paid through the Debtors' chapter 13 plan before the case was converted to chapter 7. Any other conclusion under the facts

of this case would result in a windfall to Star Bank. Section 722 does not mandate such an inequitable result.

Accordingly, the Court hereby grants the Debtors' motion to redeem the property without any additional payments to Star Bank.

IT IS SO ORDERED.