In re Francisco A. **FERNANDEZ** and Maura M. Fernandez, Debtors.

Francisco A. **FERNANDEZ** and Maura M. Fernandez, Appellants,

v.

Martin W. **SEIDLER,** Trustee, Appellee.

No. SA–88–CA–222.

United States District Court,
W.D. Texas,
San Antonio Division.

April 11, 1988.

Yocel Alonso, Bellaire, Tex., for Fernandez.

Martin Seidler, San Antonio, Tex., pro se.

## MEMORANDUM OPINION AND ORDER

BUNTON, Chief Judge.

This case is before the Court on appeal of the January 11, 1988 Order of the United States Bankruptcy Court granting the Trustee's Motion for Summary Judgment on the Trustee's Objections to Debtor's Claim of Exemptions as to certain jewelry. There are no issues of fact present in this appeal. The only issue before the Court is one of law: whether the Bankruptcy Court erred in finding as a matter of law that the Debtors could not claim jewelry as exempt property under Texas Property Code Section 42.002. Accordingly, the standard of review is de novo. *In re Missionary Baptist Foundation,* 796 F.2d 752, 756 (5th Cir.1986).

### FACTUAL BACKGROUND

On July 27, 1987, the Appellants, FRANCISCO A. FERNANDEZ and MAURA M. FERNANDEZ filed for relief under Chapter 7 of the United States Bankruptcy Code. At that time, the Debtors made an

exemption election under 11 U.S.C. Section 522(b) choosing to employ state exemptions under 11 U.S.C. Section 522(b)(2)(A). The Debtors listed as exempt certain items of jewelry having a scheduled value of $8,005.00, citing Texas Property Code Section 42.002 as authority. The Debtors argue that their jewelry was in fact "clothing" and, therefore, exempt pursuant to Section 42.002(3)(C).

On September 29, 1987, the Chapter 7 Trustee filed a timely objection to the Debtors' claim of exemptions alleging that their jewelry was not exempt. On November 19, 1987, the Trustee filed a Motion for Summary Judgment stating that as a matter of law jewelry is not exempt personal property under the Texas Property Code Section 42.002.

On January 11, 1988, the Bankruptcy Court granted the Trustee's Motion holding that as a matter of law jewelry is not exempt property under the Texas exemptions. The Court found that the Texas Legislature chose to abandon the expression "all wearing apparel" for the narrower term "clothing" now employed in the Texas Property Code.

### DISCUSSION

■ The Bankruptcy Code provides that exemptions shall be allowed and set aside in the accordance with state or local laws at the time of filing of the petition. 11 U.S.C. Section 522(b)(2)(A). The Debtors filed their bankruptcy petition on July 27, 1987, and made an exemption election pursuant to 11 U.S.C. Section 522(b) and proceeded to claim State Exemptions under 11 U.S.C. Section 522(b)(2)(A). Therefore, their jewelry exemption claims must be decided under the Texas Property Code, Section 42.002. TEX.PROP.CODE ANN. Sec. 42.002.

The Texas Property Code as adopted by the 68th Legislature, Regular Session, 1983 became effective on January 1, 1984. TEX.PROP.CODE ANN. Sec. 1.001–181.-058 (Vernon 1984). "The Code becomes statutory law of the state respecting the subjects to which the Code relates, superseding previous statutes omitted therefrom or repealed thereby, so that anyone subject to its provision may look to the Code alone with safety and confidence, without resorting to the previous statutes except to explain contradictions and ambiguities." *Carbide International, Ltd. v. State,* 695 S.W.2d 653, 656 footnote 3 (Tex.App.—Austin 1985, no writ).

This Court affirms the finding of the Bankruptcy Court that jewelry is not personal property eligible for exemption under the Texas Property Code. The Debtors reliance on Section 42.002 of the Texas Property Code as authority for exempting over $8,000 worth of jewelry is misplaced. Section 42.002 lists the various categories of personal property eligible for exemption, none of which include jewelry. TEX. PROP.CODE ANN. Sec. 42.002.

Listed as eligible personal property exemption under the Texas Property Code is the category "clothing". However, clothing consists of "garments in general; also: covering" as defined by *Webster's Ninth New Collegiate Dictionary,* G & C Merriam Company, 1987. Thus, "jewelry" is not "clothing" and is not exempt personal property.

Before its revision and incorporation in the Texas Property Code, Article 3832 provided for "all wearing apparel" as exempt personal property. TEX.REV.CIV.STAT. ANN., Art. 3832(17) (Vernon 1966) (repealed). "Jewelry" has never been listed as personal property eligible for exemption. Some Texas cases had permitted certain items of jewelry to be included as exempt property under the "all wearing apparel" category. See *Hickman v. Hickman,* 228 S.W.2d 565 (Tex.Civ.App.Eastland 1950), aff'd 149 Tex. 439, 234 S.W.2d 410 (1950); *First National Bank of Eagle Lake v. Robinson,* 124 S.W. 177, 179 (Tex.Civ.App. San Antonio—1910, no writ). However, the terminology of the Texas Property Code no longer includes "all wearing apparel" as a category for exemptions as this phrase was replaced with the current and more narrow term "clothing". Black's Law Dictionary defines wearing apparel: "as generally used in statutes refers not merely to a person's outer clothing, but

covers all articles usually worn ..." BLACK'S LAW DICTIONARY p. 1765, (Rev. 4th Ed.1968). Therefore, the Court finds "wearing apparel" to be a much broader category than the Texas Property Code category "clothing".

■ This change in terminology from "all wearing apparel" to "clothing" cannot be misconstrued as a modernization of the phrase "all wearing apparel" since this expression is not archaic or infrequently used. This alteration by the Texas Legislature has excluded the possibility of jewelry as exempt personal property. Furthermore, the Texas Legislature has chosen not to include a separate exemption for jewelry as does 11 U.S.C. Section 522(d)(4), under the Federal exemptions.

For the above-stated reasons, IT IS ORDERED, ADJUDGED and DECREED that the Order of the United States Bankruptcy Court granting the Trustee's Motion for Summary Judgment and holding that jewelry is not exempt under the Texas Property Code is AFFIRMED.