**In re Terry Lynn EDEN, Debtor.**

**Bankruptcy No. 90–50529C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

March 30, 1992.

**122**

Gary L. McConnell, Klement & McConnell, Angleton, Tex., pro hac vice, John C. Connors, San Antonio, Tex., for debtor.

Jon E. Fisher, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for I.R.S./USA.

### ORDER DENYING DEBTOR'S OBJECTIONS TO CLAIM OF INTERNAL REVENUE SERVICE

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing, the Debtor's objections to the Claim of the Internal Revenue Service (I.R.S.). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and 11 U.S.C. §§ 105, 106, and 502. This is a core proceeding, as defined by 28 U.S.C. § 157(b)(2). For the reasons set forth herein, the court finds and concludes that Debtor's objections must be DENIED.

Debtor, Terry Lynn Eden, filed for Chapter 13 relief on February 22, 1990. In her petition, Ms. Eden scheduled total assets of $7850.00; total exempt property of $8678.00; and one debt—characterized as a priority debt to the I.R.S. in the amount of $2248.76—for which she claimed that Marc DiGiovanni, her former business partner and spouse, was "liable for other half of taxes due." Debtor proposed a plan whereby she would pay the Chapter 13 Trustee $50.00 semi-monthly over twenty-five (25) months, for total payments of not less than $2498.59, in full payment of the I.R.S. claim. *See* 11 U.S.C. § 1322(a)(2) (plan must provide for full payment of pri-

ority claims; may be via deferred cash payments).

On March 5, 1990, an Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay was sent to the I.R.S., among others. This order announced that the Section 341 meeting would be held on March 28, 1990; that the confirmation hearing would be held on April 19, 1990; and that the bar date for filing claims would be June 26, 1990. With regard to the plan, the order stated:

> The plan of distribution provides for specific monthly payments to certain secured and priority creditors. Other creditors will be dealt with generally from available funds....

> Unless a different percentage is stated below, the plan proposes to pay *all creditors 100%* of their claims *as filed and allowed* by the court. (emphasis added)

The Chapter 13 Plan Summary, attached to the order, also indicated that the plan "propose[d] to pay *all creditors 100%* of their claims *as filed and allowed* by the Court" (emphasis added). The same summary listed the I.R.S. as a priority creditor for a debt estimated to be $2248.76.

The plan was confirmed without objection, and the confirmation order was entered on April 20, 1990. Of course, given the representations in both the Order for Meeting of Creditors and the Chapter 13 Plan Summary—that "all creditors" would be paid "100% of their claims *as filed* and *allowed* by the court"—the I.R.S. had no reason to object to confirmation. This is especially true in light of the fact that the Order for Meeting of Creditors set the bar date for filing proofs of claim more than sixty days *after* confirmation and, absent objection, a claim is deemed allowed *as filed*, regardless of how the debtor lists it on her schedules. 11 U.S.C. § 502(a). What is more, Item 7 of the confirmation order stated that "[t]he Trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by Rule 3007." This provision is particularly relevant here because it demonstrates that, on its face, the

confirmation order anticipated the filing and evaluation of timely proofs of claim *after* confirmation.

On June 18, 1990, the I.R.S. timely filed its proof of claim, asserting a "fully secured" claim in the amount of $13,204.04 for unpaid federal employment taxes and interest and penalties thereon. Along with its proof of claim, the I.R.S. filed copies of its Notice of Federal Tax Lien in the amount of $8677.95. On August 16, 1990, Ms. Eden filed her first objection to the I.R.S.'s claim. This objection was not properly served upon the United States because neither the Attorney General of the United States nor the United States Attorney for the Western District of Texas was served. The I.R.S. maintains that had Debtor properly served the August 1990 objection, the I.R.S. would have had sufficient time to seek an order revoking confirmation, which may only be sought within 180 days after the order of confirmation is entered. *See* 11 U.S.C. § 1330(a). For some reason not apparent from the record, this objection was never set nor otherwise disposed of by the court.

On October 4, 1990, the Chapter 13 Trustee filed his Recommendation Concerning Claims. This document is filed in every Chapter 13 case, after the Trustee reviews "all of the claims filed in [the] proceeding including any statements on such claims as to the value of the collateral." In his recommendations in this case, the Trustee listed the I.R.S. as a "fully secured" creditor in the amount of $13,201.04. On October 12, 1990, the court entered its Order Concerning Claims and Setting Bar Date for Objections to Claims. This order adopted the Trustee's Recommendations Concerning Claims, both as to the "allowed amount of each creditor's claim, as well as the extent and validity of the security interest, if any." In particular, this order adopted the Trustee's recommendation listing the I.R.S. as a fully secured creditor in the amount of $13,201.04. The order also set a bar date for additional objections to claims at forty-five (45) days after the date of the order. A copy of the Order Concerning Claims was served on all parties, including the debtor.

■ On April 30, 1991, more than six months later, the debtor filed a second objection to the I.R.S.'s proof of claim. This second objection was filed well after the 45–day deadline set out in the Order Concerning Claims. Nevertheless, because Debtor's timely first objection was mistakenly never set for hearing, the court finds that the second objection should be treated as an amendment relating back to the date of the first objection. In so ruling, the court realizes that Bankruptcy Rule 7015 (which incorporates the "relation back" provision of Federal Rules of Civil Procedure Rule 15(c)) only applies to adversary proceedings; and that objections to claims are contested matters governed by Bankruptcy Rule 9014, which does not refer to Rule 7015. *See In re Carr*, 134 B.R. 370, 372 (Bankr.D.Neb.1991) (citing *In re Calisoff*, 94 B.R. 1002, 1003 n. 2 (Bankr.N.D.Ill. 1988)). Notwithstanding the inapplicability of Rule 7015 to contested matters, though, many bankruptcy courts—for equitable reasons—do permit amendments to proofs of claim, even past the bar date, as long as the subsequently filed proof of claim merely corrects some clerical or technical error or omission in the first proof of claim and does not attempt to make a totally new claim. *See, e.g., In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–17 (9th Cir. 1985); *In re Grivas*, 123 B.R. 876, 878 (Bankr.S.D.Cal.1991); *In re Candy Braz, Inc.*, 98 B.R. 375, 380–81 (Bankr.N.D.Ill. 1988); *In re Vlavianos*, 71 B.R. 789, 793–94 (Bankr.W.D.Va.1986). By analogy, then, a court should also be able to entertain an amended objection to claim, filed after the bar date, if the amended objection does not attempt to present a totally new objection to the claim. Here, Ms. Eden's first and second objections are virtually identical, except that the second objection was served upon the United States Attorney for the Western District of Texas, whereas the first objection was not.

■ Besides, in this case, permitting Debtor's second objection to relate back to the date of the first does not injure the I.R.S. because both the first and second

objections must be denied for lack of merit. In pertinent part, both objections read as follows:

### I.

Debtor became liable on this tax debt when she was married to Marc DiGiavanni [sic]. Mr. DiGiavanni [sic] is equally liable on this debt.

### II.

The service [sic] has continued to pursue Mrs. Eden for this tax debt and has ceased its collection efforts against Mr. DiGiavanni [sic]. Mrs. Eden filed her Chapter 13 Plan proposing to pay $100.00 per month to the Trustee. This is the maximum that Mrs. Eden can afford at this time.

### III.

Mr. DiGiavanni [sic] on the other hand, has not done anything to help repay this tax debt, yet debtor has learned that Mr. DiGiavanni [sic] has recently purchased a new house in Dallas. The house is located in Dallas, Dallas County, Texas.

### IV.

Debtor included in her Plan one half [sic] the amount of tax due without penalty or[1] interest. The amount filed by the internal revenue service[2] [sic] is for the full amount of tax, penalty, and interest owed by both her and her ex-husband, Marc DiGiavanni [sic].

### V.

... WHEREFORE, PREMISES CONSIDERED, debtor requests that the tax liability be divided between her and her ex-husband, Marc DiGiavanni [sic], and that her Plan continue as proposed for such other relief as may be just under the circumstances [sic].[3]

In a nutshell, both objections ask the court to divide the total tax debt equally between Ms. Eden and her ex-husband because such a division would be fairer than having Ms. Eden pay the entire debt. These arguments are based upon the assumption that Debtor is only liable for half of the tax debt. Unfortunately for Ms. Eden, though, this assumption is incorrect. She and Marc DiGiovanni were partners doing business as Morrows Nut House. As partners, they incurred joint and several liability for all debts and obligations of the partnership, including liability for employment taxes. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15(1) (Vernon Supp.1992). By its very nature, joint and several tax liability means that the taxing authority, in this case the I.R.S., has the option of proceeding against either party, or both, to collect whatever taxes are due. *See, e.g., United States v. McAuley*, 101 B.R. 306, 307 (M.D.Fla.1989). The court cannot ignore this well-established law and require the I.R.S. to seek payment from Mr. DiGiovanni for half of the tax debt merely because the debtor believes such a division would be fairer. Accordingly, both the first and second objections must be denied on their merits.

On June 11, 1991, the debtor filed a third pleading, which she styled "Amended Objection to Proof of Claim of Internal Revenue Service." Of the three objections Debtor filed, only this "amendment" was properly served upon the I.R.S. Like the second objection, this pleading was filed well beyond the 45–day deadline set forth in the Order Concerning Claims. Unlike the second objection, however, this objection cannot be treated as an amendment which relates back to the date of a prior, timely objection. This so-called "amended" objection is not truly an amendment, but a new objection altogether, presenting totally different arguments from those of the two prior objections. What is more, because it was not timely filed and does not relate back, this third objection is barred by the

---

1. The second objection says, "... without penalty of [sic] interest."

2. In the second objection, "Internal Revenue Service" is properly capitalized.

3. The second objection also contains one additional sentence, which did not appear in the first objection: "Debtor also requests that a hearing be set on this cause."

45–day deadline set out in the Order Concerning Claims.

■ Even if Debtor's "Amended Objection" had been timely, however, it would have failed for lack of merit. The thrust of Ms. Eden's amended objection is that the I.R.S.'s claim should be barred because the order confirming Debtor's plan is res judicata of all issues which were or could have been decided at the confirmation hearing.[4] Debtor contends that the status and allowance of the I.R.S.'s claim was effectively decided at confirmation because the plan provided for the payment of the I.R.S. claim in a specified amount, and the I.R.S. did not object to the plan. Now, says the debtor, the plan is binding on the creditor, who cannot contest the amount of the claim "set" by the plan. *See* 11 U.S.C. §§ 1327(a), (c). That the bar date for filing claims fell after confirmation is irrelevant, according to the debtor, because the amount of the claim had to be decided at confirmation in order for the court to have successfully confirmed the plan. *See* 11 U.S.C. §§ 1322(a)(2), 1325(a)(1), (6).

■ Debtor's argument ignores the fact that the confirmation order itself anticipated the filing and evaluation of timely proofs of claim *after* confirmation. Thus, the order itself carved out the claims allowance process, negating any implication that the confirmation order served as a final adjudication of that issue.[5] The plan *as confirmed* does *not* determine the amount of the I.R.S.'s claim, precisely because the order which confirmed the plan *says* that the amount of all claims will be determined at a later date. At the confirmation stage, the court is free to reserve out certain matters, thereby insulating them from the effects of res judicata. The debtor, though, is bound by the provision of the confirmed plan which makes the reservation, so her Section 1327 argument actually cuts *against* her in this case. *See* 11 U.S.C. § 1327(a). As the District of Columbia Bankruptcy Court correctly observed, Section "1327(a), which states that '[t]he provisions of a confirmed plan bind the debtor and each creditor . . .', [sic] does not say and certainly does not mean that something that is not a 'provision of a confirmed plan'—that is, the precise amount of each creditor's claim—is 'binding' when it has not yet been determined." *In re Minick*, 63 B.R. 440, 441 (Bankr.D.C.1986), *aff'd*, 831 F.2d 312 (D.C.Cir.1987). As a matter of law, res judicata cannot be raised as a bar to a matter on which the court has itself declined to enter final judgment. *See, e.g., Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.1988), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988) (the elements of res judicata are (1) a *final judgment* on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits); *see also In re Bereolos*, 126 B.R. at 321 (citing *Shaver* for the same proposition).

The confirmation order, while "final" in many ways, is hardly the ultimate or last order entered, fully disposing of a Chapter 13 bankruptcy case. *See, e.g., In re Shaffer*, 48 B.R. 952, 956 (Bankr.N.D.Ohio 1985). A Chapter 13 case is not over until the debtor has fully performed, at which time the debtor then receives her discharge.[6] Additionally, Chapter 13 relief is purely voluntary, so even after confirmation, a Chapter 13 debtor has an absolute right to convert or dismiss the Chapter 13 case, if it has not previously been converted. 11 U.S.C. §§ 1307(a), (b). A confirmed Chapter 13 plan can also be modified if the

---

4. The preclusive effect of a bankruptcy court's prior order is determined under federal standards of res judicata. *E.g., McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir.1986). The federal doctrine of res judicata bars relitigation of any issues which were actually decided, or which could or should have been decided, in the prior action. *In re Bereolos*, 126 B.R. 313, 321–22 (Bankr.N.D.Ind.1990).

5. Another indication that the confirmed plan was not intended to be the final adjudication of the allowance of claims was the fact that the "minimum total amount of payments" space was left blank in the confirmation order.

6. Alternatively, a debtor may qualify for a hardship discharge (§ 1328(b)), or the case may be dismissed or converted to another chapter for one reason or another (§ 1307).

provisions of Section 1329 are met. 11 U.S.C. § 1329. As the *Shaffer* court pointed out, if a confirmation order is not res judicata as to all possible issues for debtors, it cannot be res judicata as to all possible issues for creditors. *In re Shaffer*, 48 B.R. at 957. The debtor's res judicata argument must fail.

 In her "Amended Objection" to the I.R.S., Debtor also questions the characterization of the I.R.S.'s claim as "fully secured" because it includes penalties which are not compensation for actual pecuniary loss. Debtor argues, in addition, that the I.R.S.'s claim is not a priority claim pursuant to 11 U.S.C. § 507(a)(7)(D) because it involves employment taxes on wages, salaries, or commissions earned more than three years before the bankruptcy petition was filed. As previously discussed, even if the debtor's arguments were persuasive, it is now too late to raise them for the first time. What is more, Debtor's challenge to the extent and validity of the I.R.S.'s liens is not something which could have been disposed of merely by entering a confirmation order. Such matters must be decided in adversary proceedings. *See, e.g., In re Beard*, 112 B.R. 951, 955 (Bankr.N.D.Ind.1990). Confirmation hearings are not adversary proceedings; and they only become "contested matters" if an objection is filed. *Id.* (citing Bankruptcy Rule 3020(b)(1) and *Matter of Dues*, 98 B.R. 434, 440 (Bankr.N.D.Ind. 1989)).

In light of the foregoing, Debtor's first and second objections to the claim of the Internal Revenue Service, as well as her "Amended Objection" to the claim of the Internal Revenue Service, must be DENIED.

·So ORDERED.