United States Court of Appeals,

Fifth Circuit.

No. 92-1890

Summary Calendar.

COLONIAL PENN INSURANCE COMPANY, Plaintiff-Appellee,

v.

MARKET PLANNERS INSURANCE AGENCY, INC. and Jimmy Whited, Defendants-Appellants.

Sept. 14, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

## I. FACTS AND PROCEDURAL HISTORY

In 1985, the plaintiff, Colonial Penn Insurance Company (Colonial Penn), through its administering agent, American Owners and Operators (AOO), contracted with the defendants, Market Planners Insurance Agency and its corporate representative Jimmy Whited (hereinafter collectively referred to as Market Planners), for it to sell Colonial Penn's insurance policies. The parties agreement provided that Market Planners would sell the insurance policies and collect the premium payments and then remit the collected premiums to AOO, which in turn would remit them to Colonial Penn. Commencing in 1986, Colonial Penn and AOO's relationship deteriorated, and ultimately so did the relationship between Colonial Penn and Market Planners.

Colonial Penn sued Market Planners in October 1991 alleging that Market Planners collected premium payments totalling approximately $150,000, but did not remit them. In response, Market Planners asserted that the affirmative defense of statute of limitations barred Colonial Penn's claim in that Colonial Penn knew or should have known of the facts giving rise to its claim in 1986. Colonial Penn countered that it did not know of Market Planners' alleged fraud until November 1989 or later, because Market Planners refused to account for the premium payments that it had collected.

In a bench trial, the district court concluded that there was an agency relationship between

Market Planners and its principal, Colonial Penn; and that such relationship imposed a fiduciary duty on Market Planners to disclose to Colonial Penn facts material to the transactions between the parties, which Market Planners failed to do. The district court then held that the statute of limitations did not bar Colonial Penn from bringing its cause of action and awarded it $158,067.81 in damages and prejudgment interest.

## II. DISCUSSION

### 1. Colonial Penn Met its Pleading Burden

The district court held that the statute of limitations did not bar Colonial Penn's suit because Market Planners fraudulently concealed facts which were material to the cause of action, and that under Texas law a fiduciary's failure to disclose facts material to the relationship tolls the statute of limitations.[1] On appeal, Market Planners takes issue with this ruling because, it contends Colonial Penn pleaded neither the "discovery rule" nor fraudulent concealment in avoidance of the statute of limitations defense asserted by Market Planners. Next, Market Planners contends that the district court ignored evidence that Colonial Penn knew or should have known of its cause of action in 1986.

We hold that Colonial Penn met its pleading burden in countering Market Planners' affirmative defense of statute of limitations. We begin by noting that, "[w]hile Texas law does supply the applicable statute of limitations in this diversity case, "federal law governs the pleading requirements of a case in federal court.' " *Wellborn v. Sears, Roebuck & Co.,* 970 F.2d 1420, 1425 (5th Cir.1992) (*quoting Simpson v. James,* 903 F.2d 372, 375 (5th Cir.1990)). As to Colonial Penn's failure to plead the discovery rule, the law is clear that, while the discovery rule must be specifically pleaded in Texas State Court to avoid the statute of limitations, it need not be specifically pleaded in federal court. *Wellborn,* 970 F.2d at 1425. Rather, "[u]nder Rule 8 of the Federal Rules of Civil Procedure, it is enough that the plaintiff plead sufficient facts to put the defense on notice of the theories on which the complaint is based." *Simpson,* 903 F.2d at 375.

---

[1] *Willis v. Maverick,* 760 S.W.2d 642, (Tex.1988), cited by the district court as the basis of its conclusion of law as to the statute of limitations, notes that "breach of the duty to disclose is tantamount to concealment," *Id.* at 645, (citing *McClung v. Johnson,* 620 S.W.2d 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.)).

In the present case, the district court found that Colonial Penn alleged facts sufficient to give notice of its reliance on the discovery rule, namely, that it did not discover its cause of action sooner because Market Planners concealed information and refused to account for premiums payable to Colonial Penn.[2] After reviewing the pleadings, we see no reason to disturb the district court's conclusion that Colonial Penn's pleadings notified Market Planners of its intended reliance on the discovery rule. For the same reason, we hold that Market Planners was notified of Colonial Penn's intent to rely on fraudulent concealment.

2. Findings of Fact and Conclusions of Law

As for its second theory, Market Planners argues that the trial court ignored evidence that Colonial Penn knew or should have known of its potential cause of action against Market Planners five years before it filed suit. Because the district court made inconsistent statements of the law, we are unable to determine whether the district court properly applied it, and therefore we remand on this issue.[3]

Market Planners presented evidence at trial that Colonial Penn knew or should have known of the facts surrounding its cause of action in 1986, and therefore, under the "discovery rule" in Texas, the statute of limitations barred Colonial Penn's suit, which was not filed until October 1991. In response to this argument, the district court in its oral findings of facts and conclusions of law stated:

> [a]s I indicated at the beginning of my remarks, there is some plausibility to that position, and I think that a reasonable judge could accept that argument [that Colonial Penn knew or should have known of the facts establishing its cause of action in 1986], but from the cases that I have already cited as well as others that I have not, it seems to me that that is not the law in Texas when one is dealing with a fiduciary relationship....

The district court apparently concluded instead that, under Texas law, the statute of limitations on an action by a principal against a fiduciary is tolled until the fiduciary discloses to the principal the

---

[2]In paragraph 89 of its complaint, for example, Colonial Penn alleges that Market Planners breached its duty as an agent and a fiduciary, by "failing to disclose all material information with respect to the sale of Colonial Penn Policies and the premium arising from those sales, and by failing to account for money received by Market Planners on behalf of plaintiff...."

[3]We review a district court's findings of fact for clear error and its conclusions of law de novo. *Chandler v. City of Dallas,* 958 F.2d 85 (5th Cir.1992).

material facts establishing its cause of action, regardless of the principal's knowledge.

Later, the district court stated "we have an apparent failure on the part of the agent to make the kinds of full and complete disclosure that are contemplated by a fiduciary relationship or confidential relationship and therefore limitations do[es] not begin to run until that disclosure is made or until the client or in this instance the principal otherwise actually knows that there is something to sue for."

The district court cited the Texas Supreme Court case of *Willis v. Maverick,* 760 S.W.2d 642 (Tex.1988) as support for its conclusion that limitations had not run. Apparently, the district court understood *Willis* to hold that the limitations period does not begin to run until the fiduciary fully discloses the facts that it had a duty to disclose, and that would have alerted the principal to its cause of action, regardless of the principal's knowledge. Accordingly, the trial court presumably believed it was not relevant whether Colonial Penn knew or should have known of facts alerting it to its potential cause of action against Market Planners in 1986.

If that was the district court's understanding of Texas law based on *Willis,* we hold it misinterpreted the holding in *Willis.* In *Willis,* the Texas Supreme Court held that the statute of limitations does not begin to run in an attorney malpractice suit until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts forming his cause of action. *Willis,* 760 S.W.2d at 646. It also stated in dicta that fraudulent concealment tolls the statute of limitations until the tortious conduct is discovered, but that the plaintiff waived the issue by not alleging it in the trial court. In our view, all the court in *Willis* did is merely restate the long-established "discovery rule" for tolling limitations, and apply it in the attorney malpractice context based on the fiduciary nature of the attorney-client relationship.

Other Texas cases make clear that fraudulent concealment does not trump the discovery rule, but is merely a factor to consider in determining when a plaintiff in a fiduciary relationship knew or should have known of the facts giving rise to its cause of action. As succinctly stated by the Texas Supreme Court, "[t]he estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which,

if pursued, would lead to discovery of the concealed cause of action. *Knowledge of such facts is in law equivalent to knowledge of the cause of action.* " *Borderlon v. Peck,* 661 S.W.2d 907 (Tex.1983) (emphasis added); *See also Seibert v. General Motors Corp.,* 853 S.W.2d 773 (Tex.App.—Houston [14th Dist] 1993) ("[E]ven where the [fraudulent concealment] doctrine is invoked, a defendant is estopped from relying on the limitations defense only until such time that the party either learns of the right of action, or should have learned of the right by exercising reasonable diligence."); *Allen v. American Petrofina, Inc.,* 837 S.W.2d 415, 419 (Tex.App.—Beaumont 1992, error granted (Tex.1993)) (Limitations "is tolled until the party ... learns of the right of action or should have learned of the right of action through the exercise of reasonable diligence—provided that fraudulent concealment is involved.").

In the present case, the district court admitted that it was at least plausible that Colonial Penn knew of the facts giving rise to its claim against Market Planners in 1986. Our reading of Texas law regarding the "discovery rule" and the estoppel effect of fraudulent concealment by the fiduciary leads us to the inescapable conclusion that Texas law does not allow a principal to ignore its knowledge of a possible cause of action against a fiduciary until the fiduciary itself provides information which would reveal the principal's claim.

### III. CONCLUSION

The touchstone of our analysis under Fed.R.Civ.P. 52(a) is "[w]hether we, as an appellate court, can obtain a "full understanding of the issues on appeal.' " *Chandler v. City of Dallas,* 958 F.2d 85, 90 (5th Cir.1992). To conduct a just and orderly review of those issues, "[w]e must understand not only the factual, but also the legal reasoning of the district court...." *Id.* at 89. In the present case, the district court, in its findings of fact and conclusions of law, made inconsistent statements as to the applicable law; and, therefore, it is possible that it misinterpreted Texas law and ignored the significance of the contention that Colonial Penn had outside knowledge of its cause of action against Market Planners in 1986. Because Texas law holds that such knowledge is sufficient to begin the limitations period even in the case of fraudulent concealment, we VACATE the judgment of the district court and REMAND to the district court for a factual finding as to whether and when

Colonial Penn learned "of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Borderlon* 661 S.W.2d at 907; and for a redetermination of the statute of limitations defense in light thereof.