United States Court of Appeals,

Fifth Circuit.

No. 93-8361

Summary Calendar.

Emmanuel A. BALLARD, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

March 28, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

When a partnership failed to pay its assessed payroll taxes, the government levied on the personal property of the plaintiff, asserting that the plaintiff was a general partner in the partnership and was thus liable for its debts and obligations. The plaintiff filed an action for wrongful levy, protesting that he was not a general partner. After a bench trial, the district court held, *inter alia,* that the plaintiff was a general partner in the partnership and was thus liable for the taxes. Finding no reversible error, we affirm.

I

On September 1, 1983, Messrs. Saks, Spruill, and Dominguez formed Omni/Vanir Vista Verde South Joint Venture ("Omni/Vanir") to manage certain real estate development projects. On August 1, 1984, the three joint venturers, or partners, amended the joint venture agreement to make Emmanuel Ballard and a Mr. Herrera as partners. The amendment provided, *inter alia,* that Ballard would: (1) receive a five percent share in the profits and losses of Omni/Vanir; (2) not have to make a capital contribution in exchange for this interest; and (3) not share in the obligations of Omni/Vanir. On October 24, 1984, the parties amended the joint venture agreement to designate Saks and Spruill as managers for all major decisions of the joint venture. Although listed as an operations manager, Ballard could not effectively hire, fire, or set salaries, nor could he write checks or make any financial

commitments on behalf of the joint venture. Ballard did, however, assist in managing the projects owned by the joint venture. Further, Ballard personally guaranteed millions of dollars of real estate loans for Omni/Vanir. Although Ballard understood that the other partners would assume the liabilities, that understanding was only among the partners themselves, and not between the Omni/Vanir and third parties, including the banks that made the loans. Omni/Vanir filed a partnership tax return that listed Ballard as a partner. Further, Ballard stated that he thought of himself as a partner even though he did not believe he would be liable for any partnership debts.

On January 27, 1986, Saks, Spruill, and Dominguez signed a letter agreement, identified by its own terms as an "offer" by Dominguez to purchase the joint venture interests of Saks and Spruill. The agreement was conditioned on Saks and Spruill's ability to obtain Ballard's conveyance of his interest in Omni/Vanir to Dominguez. The letter agreement provided that Dominguez acquired all management and control upon signing and would assume the debts and obligations—including those incurred between January 27 and closing—upon closing. Ballard moved out of the Omni/Vanir office on this date and performed no further active management role in the partnership. The sale, however, did not close until June 12, 1986, and between January 27 and June 12, Ballard may have received some partnership distributions. No document reflects when Ballard assigned his five percent interest in Omni/Vanir to Dominguez.

II

On May 14, 1990, the Internal Revenue Service ("IRS") assessed employment tax liabilities against Omni/Vanir for the two quarters ending June 30, 1986. To collect the assessment, the IRS filed notice of a federal tax lien against each of the Omni/Vanir partners, including Ballard. On January 31, 1991, the IRS served notice of levy on Alamo Title Company and seized, pursuant to the levy, a $51,667 real estate commission fee belonging to Ballard.

On June 17, 1991, Ballard filed this wrongful levy action pursuant to 26 U.S.C. § 7426 asserting that he owes no part of Omni/Vanir's tax liability because he was not a partner in that entity. After a bench trial, the district court held that because Ballard was a partner in Omni/Vanir as a

matter of federal law, he is liable for the joint venture's employment taxes.[1]

## III

On appeal, Ballard argues that state law controls whether he was a partner in Omni/Vanir, and that under Texas law he was not a partner. The government responds that federal law governs whether Ballard was a partner for tax purposes. The government argues that under federal law, which defines partnerships more broadly than state law, Ballard was a partner and thus jointly and severally liable for any taxes owed by the joint venture. We review the district court's findings of fact for clear error and its legal conclusions *de novo. Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency, Inc.,* 1 F.3d 374, 376 n. 3 (5th Cir.1993). We may affirm, however, on grounds other than those relied upon by the district court. *J.B.N. v. Homco Int'l, Inc.,* 853 F.2d 337, 345 (5th Cir.1988).

## IV

It is not contested that the Omni/Vanir joint venture was liable, as an employer, for withheld payroll taxes under 26 U.S.C. § 3403 and that for all purposes of this opinion the joint venture was a partnership. (Under both federal and Texas law, a joint venture is treated as a partnership, and a joint venturer as a partner. *See* 26 U.S.C. § 7701(a)(2) (1988); *Coplin v. Texas,* 585 S.W.2d 734, 735 (Tex.Crim.App.1979)). Although federal law defines partnerships for purposes of applying the partnership income taxation scheme, *see* 26 U.S.C. § 7701(a)(2) and Treas.Reg. § 301.7701-3(a), it is state law that determines when a partner is liable for the obligations—including employment taxes—of his partnership. *See United States v. Hays,* 877 F.2d 843, 844 n. 3 (10th Cir.1989) ("Courts have assumed that the liability of a general partner for the tax obligations of the partnership is determined by state law rather than federal law."); *Calvey v. United States,* 448 F.2d 177, 180 (6th Cir.1971) ("[T]he Federal Revenue Code makes no specific reference to the liability of partners as individuals [for partnership tax obligations].... The governing law pertaining to the instant case is

---

[1] We note that the district court also held, erroneously, that it did not have jurisdiction under 26 U.S.C. § 7426. Section 7426 allows a party "other than the taxpayer" to bring a wrongful levy action against the United States. In this case, the Omni/Vanir joint venture was the "taxpayer" because it was the employer upon which 26 U.S.C. § 3403 imposed liability for the payroll taxes. Thus, Ballard was a party other than the taxpayer and could bring this section 7426 action. On appeal, the government concedes this issue.

represented by two sections of the Uniform Partnership Act adopted by Michigan...."). Under Texas law, a joint venturer, or partner, is jointly and severally liable for all the debts of his partnership. Tex.Civ.Rev.Stat.Ann. art. 6132b § 15 (West 1970). Further, this liability to third parties for the debts of the partnership exists notwithstanding any express stipulation among the partners as to how the partners will bear partnership liabilities. *Holliday v. Taylor,* 249 S.W.2d 941, 944 (Tex.Civ.App.1952, writ ref'd n.r.e.).

Under Texas law, a person is a member of a joint venture when he shares with the other joint venturers the following four attributes: (1) a community of interest; (2) an agreement to share profits; (3) an agreement to share losses; *and* (4) a mutual right of control or management. *James v. Nico Energy Corp.,* 838 F.2d 1365, 1373 (5th Cir.1988); *Coastal Plains Dev. Corp. v. Micrea, Inc.,* 572 S.W.2d 285, 287 (Tex.1978). Under the joint venture agreement, Ballard expressly shared in the profits and losses of Omni/Vanir. Thus, the question before this court is whether Ballard shared a community of interest with the other partners and whether his participation in management was sufficient to make him a joint venturer.

First, Texas defines a "community of interest" as "a commonly shared incentive between the parties as to the progress and goals of the joint venturers." *Hasslocher v. Heger,* 670 S.W.2d 689, 693 (Tex.App.1984, writ ref'd n.r.e.) (citing *W.H. Hodges & Co. of Alexandria, Inc. v. Donley County State Bank,* 407 S.W.2d 221, 224 (Tex.1966)). In the instant case, it is not disputed that all the partners in Omni/Vanir wanted all of the projects owned and operated by the joint venture to make as much financial progress as possible. The commonality of this goal is underscored by two facts: (1) all of the partners, including Ballard, shared profits from the various projects owned by the partnership, and (2) all of the partners, including Ballard, guaranteed loans for the financing of the projects. Thus, there was a community of interest of all the partners, including Ballard, in the joint venture's properties. *See Russell v. French & Assocs., Inc.,* 709 S.W.2d 312, 315 (Tex.App.1986, writ ref'd n.r.e.) (holding that investors in oil well leases shared a "community of interest" in the oil wells).

Second, Texas defines mutual right of control or management broadly. In *Russell,* 709

S.W.2d at 315, the Texas Court of Appeals held that an entity that acted as an oil field operator and that could be removed by the managing partner, nonetheless, had the requisite management or control under the joint venture agreement needed to qualify as a joint venturer. Similarly, in this case, Ballard acted as an operations manager under the joint venture agreement and even though his decisions were subject to reversal by Saks and Spruill, he had the requisite management authority to qualify as a partner in Omni/Vanir. Although Ballard did not hire or fire employees or make financial commitments for the partnership, he did actively manage real estate projects for the partnership. *See Holliday,* 249 S.W.2d at 942, 944 (holding two individuals were partners even though another partner had the ultimate right of control over the partnership). Thus, we hold that Ballard possessed the degree of management or control in Omni/Vanir necessary to qualify him as one of its partners.

Consequently, we hold that under Texas law Ballard was a joint venturer, or partner, in Omni/Vanir and, as such, is jointly and severally liable for the venture's employment tax liability. *See Underwood v. United States,* 118 F.2d 760, 761 (5th Cir.1941) ("The partners were liable individually for any debts contracted in the name of the [partnership] and for any taxes validly assessed against it.").[2]

---

[2]Ballard also argues that the district court erred in placing the burden of proof on him to show that there was no nexus between the joint venture and his funds, i.e., that he was not a partner. In *Century Hotels v. United States,* 952 F.2d 107, 109 (5th Cir.1992), we stated that the plaintiff in a wrongful levy action bears the initial burden of showing that he had an interest in the funds seized. It is undisputed that Ballard owned the funds. Next, we stated that the IRS bore the burden of showing a nexus between the funds and the taxpayer. *Id.* The IRS bore this burden with extensive evidence that Ballard was a partner in Omni/Vanir. Finally, once the IRS shows nexus, the plaintiff bears the burden of showing that the levy was wrongful—that there was no nexus between the joint venture and his funds. *Id.* In this case, the district court held that Ballard did not show by a preponderance of the evidence that his association with Omni/Vanir terminated on the date of the letter agreement—January 27, 1986. In effect, this holding was that the IRS had shown Ballard's nexus with the joint venture initially existed and that Ballard then failed to proved it terminated. This was a correct application of the legal standard.

Further, we hold that the district court was not clearly erroneous in finding that Ballard did not prove his liability for Omni/Vanir obligations ended on January 27, 1986. The letter agreement specifically provided that the old partners retained liability for partnership debts incurred between January 27 and the closing date. The issue in this case concerns the partnership liability for employment taxes incurred between January 1 and June 30 of 1986. Although the joint venture agreement stated that Dominguez would indemnify the partners for such interim liabilities, such indemnification does not relieve Ballard of his primary liability. *See Hutcheson v. Estate of Se'Christ,* 459 S.W.2d 495, 496-97 (Tex.Civ.App.1970, writ ref'd).

V

For the foregoing reasons, the judgment of the district court is

AFFIRMED.