**EL PASO REFINING, INC., Appellant, Cross–Appellee,**

v.

**INTERNAL REVENUE SERVICE, Appellee, Cross–Appellant.**

Nos. EP–95–CA–198–DB, EP–95–CA–228–DB.

United States District Court, W.D. Texas, El Paso Division.

Sept. 5, 1996.

Barney Given, El Paso, TX, for Appellant.

Mary Vance, Dallas, TX, for Appellee.

## *MEMORANDUM OPINION AND ORDER*

BRIONES, District Judge.

On this day, the Court considered the appeals from the final judgments of United States Bankruptcy Judge Leif M. Clark, in the above-captioned causes. All briefs concerning these actions were filed in a timely manner. On August 29, 1996, the Court heard the arguments of the parties. On June 20, 1995, this Court issued an Order consolidating these causes into Cause Number EP–95–CA–198–DB. Accordingly, the Court shall address both actions in this sin-

gle Order. After due consideration, the Court is of the opinion that the judgment of the Bankruptcy Court should be affirmed in part, and reversed in part.

## STANDARDS OF REVIEW

■ The standard of review for bankruptcy appeals, with regard to matters of law, is de novo. *In re Fernandez,* 89 B.R. 601 (W.D.Tex.1988) *citing In re Missionary Baptist Foundation,* 796 F.2d 752, 756 (5th Cir.1986). With respect to matters of fact, the standard of review is "clearly erroneous". *Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir.1986). A district court must accept findings of fact made in a bankruptcy proceeding unless they are clearly erroneous. *In re Missionary Baptist Foundation of America,* 712 F.2d 206 (5th Cir.1983) *citing Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In order to find that a factual determination was clearly erroneous, the reviewing court must have a definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). "The test for the district court ... is not whether a different conclusion from the evidence would be appropriate but whether there is sufficient evidence in the record to prevent clear error in the trial judge's findings." *In re Country Junction Inc.,* 41 B.R. 425, 428 (W.D.Tex.1984) quoting *In re Bardwell,* 610 F.2d 228, 230 (5th Cir.1980). However if a finding of fact is premised on an improper legal standard, or a proper one improperly applied, the finding loses the insulation of the clearly erroneous rule. *In re Missionary Baptist Foundation of America,* 712 F.2d at 209. Finally, evidentiary rulings are reviewed under an abuse of discretion standard, *See In re Freytag,* 173 B.R. 330, 337–338 (N.D.Tex.1994); *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1374 (5th Cir.1981), as is a bankruptcy court's decision to award interest. *See In re Colortex Industries, Inc.,* 19 F.3d 1371 (11th Cir.1994); *In re Beverly Hills Bancorp,* 752 F.2d 1334 (9th Cir.1985). A judgment may be reversed on the admission of improper evidence if the ruling constituted an abuse of discretion and the error was prejudicial.

## DISCUSSION

On October 23, 1992, El Paso Refining, L.P. (hereinafter "LP") filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. The Bankruptcy Court ("BC") converted this action to a proceeding pursuant to Chapter 7 of the Bankruptcy Code on November 2, 1992. On October 20, 1993, El Paso Refining, Inc. ("INC") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. INC was the general partner of LP. On May 26, 1994, the BC entered an order confirming INC's Plan of Reorganization as modified by the Agreement filed on April 25, 1994.

On October 24, 1995, INC filed a Complaint to Avoid Liens, to Subordinate Claims Pursuant to § 510(c), and to Determine Tax Liability Pursuant to § 505(a)(1). INC filed its Amended Complaint to Avoid Liens Pursuant to Title 11 U.S.C. § 506(d), to Subordinate Claims Pursuant to Title 11 U.S.C. § 510(c), and to Determine Tax Liability Pursuant to Title 11 U.S.C. § 505(a) against the Internal Revenue Service ("IRS") on October 6, 1994. The BC held a trial on January 9, 1995. The BC issued its Findings of Fact and Conclusions of Law and its Judgment on February 2, 1995. On February 10, 1995, INC filed a Motion for Limited Reconsideration of Judgment which was denied by Order dated March 13, 1995. INC timely filed a Notice of Appeal of the BC's judgment with this Court.

The IRS contends that the BC erred in determining that the IRS liens were void for failure to meet the statutory requirements of Sections 6203, 6303(a) and 6321 of the Internal Revenue Code. INC contends that the BC erred by allowing the IRS post-petition interest and penalties which it had asserted against LP as claims against the estate of INC, during the period between October 23, 1992 and October 20, 1993.[1]

---

1. The interest and penalties were for LP's tax obligations, including those tax liabilities for which INC is jointly and severally liable with LP.

## A. Assessment

The BC found that the IRS had failed to meet the statutory requirements of Section 6203 of the Internal Revenue Code because the IRS did not separately assess INC for the tax liability. The IRS contends that the assessments against LP satisfy the requirements of Section 6203 as against INC because state law holds partners liable for the debts of the partnership. Tex.Rev.Civ.Stat. Ann. art. 6132b § 15 (Vernon's Supp.1993).

■ General partners in a limited partnership are liable for the debts of the partnership. *See Commons West Office Condos v. Resolution Trust*, 5 F.3d 125 (5th Cir.1993). Further, the liability of the partners is in addition to the liability of the partnership. Any partner is liable for all of the partnership debts. *In re Eden*, 141 B.R. 121 (Bkrtcy.W.D.Tex.1992); *see also United States v. McAuley*, 101 B.R. 306 (M.D.Fla. 1989).

■ However, a valid assessment is a prerequisite to tax collection. *In re Fingers*, 170 B.R. 419 (S.D.Cal.1994). The BC found that the IRS had never assessed INC and therefore that the lien was void. The IRS must strictly comply with Section 6203. *Stallard v. United States*, 806 F.Supp. 152 (W.D.Tex.1992). In this case, because the IRS failed to comply with the requirements of its own Internal Revenue Code, the BC correctly found that the lien was void. Absent an assessment, there is no liability.

## B. Notice and Demand

■ The IRS next asserts that the BC erred by determining that the IRS was required under Section 6303 of the Internal Revenue Code to make a separate notice and demand against INC, as the general partner, for the taxes owed by LP. This section provides that notice must be given to each person liable for the unpaid tax, within 60 days after the assessment is made. The IRS contends that the notice and demand sent to LP constituted proper notice and demand on INC.[2] The BC found otherwise.

Demand and notice as to LP was not sufficient to establish a federal tax lien as to the separate property of INC. The IRS did not meet the requirements of Section 6321 for the creation of a valid tax lien against any real or personal property belonging to INC because it failed to comply with Sections 6202 and 6203 of the Internal Revenue Code. The judgment of the BC was proper with respect to this claim.

## C. Post–Petition Interest and Penalty

■ Finally, INC contends that the BC erred by allowing the IRS post-petition interest and penalties which it had asserted against LP as claims against the estate of INC, for the period of October 23, 1992 to October 20, 1993.

■ On June 28, 1995, the BC entered a judgment which disallowed the IRS's claims for post-petition interest and penalties as against LP. The BC also voided the IRS's liens against the property of LP as preferences which effectively means that the IRS's claims against LP were unsecured. Section 502(b)(2) of the Bankruptcy Code provides that claims for unmatured interest are not allowed. Unmatured interest is interest which accrues after the date the petition is filed. *See In re Hart Ski Mfg. Co., Inc.*, 7 B.R. 465 (Bkrtcy.D.Minn.1980). *See also In re Avant*, 110 B.R. 264 (Bkrtcy. W.D.Tex.1989). Post-petition penalties and interest cease to accrue upon commencement of an action under Chapter 11 of the Bankruptcy Code, *Id.* and accrue only if the creditor is fully secured. 11 U.S.C. § 506(b). Consequently, because the IRS's claims against LP were unsecured and unmatured the BC correctly disallowed the IRS's claims against LP. As a result, the IRS's claim against LP never existed because it was disallowed. *Western Bank/Downtown v. Carline*, 757 S.W.2d 111 (Tex.App.—Houston [1st Dist.] 1988, error denied).

■ Logic dictates that INC, as a general partner, can not be liable for an obligation which never existed against the limited partner. A general partner in a limited partnership has the liabilities of a partner in a

2. The IRS asserts that because it sent the notice and demand to "El Paso Refinery, L.P. c/o El Paso Refining Inc, General Partner", it had complied with the requirements of the statute.

general partnership. Tex.Rev.L.Partshp.Act (Vernon's Ann.Civ.Stat. art 6132a–1); *See Shaw v. Kennedy, Ltd.,* 879 S.W.2d 240 (Tex. App.—Amarillo 1994, writ denied). However, when the partnership liability has been deemed not to exist, as demonstrated above, the general partner obviously has no liability. Holding someone liable for a debt which does not exist necessarily means that there is effectively no liability.

Accordingly, **IT IS HEREBY ORDERED** that the judgment of the Bankruptcy Court is **REVERSED** with respect to the post-petition penalties and interest claimed by the IRS for the period between October 23, 1992 to October 20, 1993.

**IT IS FURTHER ORDERED** that the judgment of the Bankruptcy Court is hereby **AFFIRMED** in all other respects.