In re Paul B. CHAUNCEY, III and Annette B. Chauncey, Debtors.

No. 01–2138–BKC–3F3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 11, 2002.

Andrew J. Decker, III, Live Oak, FL, for Debtors.

Michael D. Zima, for Internal Revenue Service.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Debtors' Objection to Claim 18 filed by the Internal Revenue Service. The Court conducted a hearing on November 21, 2001 at which the parties stipulated to the following facts.

### STIPULATED FACTS

Debtor Paul B. Chauncey, III is a general partner of Chauncey Commercial Concrete Construction, a Florida Partnership (the "partnership"). Debtor Paul B. Chauncey, III owns a one-half interest in the partnership. The partnership owes employment taxes reflected by Claim 18 filed by the Internal Revenue Service (the "Service"). There is no dispute that the amounts reflected on the proof of claim correctly state the delinquent tax liabilities of the partnership.

The partnership's 941 return for the first quarter of 2000 was filed on April 8, 2000. The 941 returns for the third and fourth quarters of 2000 were filed on March 8, 2001. The 940 return was filed on March 8, 2001. The assessments made against the partnership were not also made against the individual partners. This is the normal administrative practice of the Internal Revenue Service.

On March 15, 2001 Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

At the hearing the Court instructed the parties to submit memoranda of law. The issue is whether a separate tax assessment against an individual partner for employment taxes incurred by the partnership is required to establish liability against the individual partner. Upon the stipulated facts and the memoranda of the parties, the Court makes the following Conclusions of Law.

### CONCLUSIONS OF LAW

### OBJECTION TO CLAIM STANDARDS

■ Objections to claims are governed by 11 U.S.C. § 502(a), providing that "A

claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Section 502(b) provides, "... [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount. . . ." A proof of claim filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f) (2002). The burden of proof is on an objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant." *In re VTN, Inc.,* 69 B.R. 1005, 1008 (Bankr. S.D.Fla.1987) (citing *In re DeLorean Motor Co. Litig.,* 59 B.R. 329 (E.D.Mich. 1986)).

## CONTENTIONS OF THE PARTIES

Debtors contend that Debtor Paul Chauncey is not liable for the partnership's Debtors argue that a valid assessment is a prerequisite to tax collection and that §§ 6201, 6203, and 7701 of the Internal Revenue Code, taken together, require

an individual assessment against a partner before his liability for tax debts of the partnership is fixed. [1] Debtors argue that the liability of an individual is a two-pronged analysis requiring: 1) a legal basis for imputed liability (such as state partnership laws) and 2) compliance with the assessment procedures set forth in the Internal Revenue Code.

The Service argues that the assessment of a tax liability is essentially a bookkeeping notation by which a taxpayer's liability is formally recorded but is not necessary to establish liability. The Service further argues that it can bring suit to reduce an un-assessed liability to judgment even if it has not assessed the taxes against a delinquent taxpayer. The Service points out that a partner's liability for employment taxes of a partnership is a function of state law and that its right to bring suit and to obtain a judgment against Debtor Paul Chauncey is sufficient to give it an allowable claim.

## ANALYSIS

There is no provision of the Internal Revenue Code which governs the collection of a partnership's employment tax liabilities from its partners. Partners are jointly and severally liable for the tax debts of their partnerships and partners'

1. Sections 6201, 6203 and 7701 of the Internal Revenue Code respectively provide in pertinent part:
§ 6201 Assessment authority
(a) Authority of Secretary.—The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law.
§ 6203 Method of assessment
The assessment shall be made by recording the liability of the taxpayer in the office of the

Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.
§ 7701. Definitions
a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—
(1) Person.—The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.
(14) Taxpayer.—The term "taxpayer" means any person subject to any internal revenue tax.

liability is a function of state law rather than the assessment provisions of the Internal Revenue Code. *Ballard v. United States,* 17 F.3d 116, 118 (5th Cir.1994); *Calvey v. United States,* 448 F.2d 177, 179 (6th Cir.1971). No circuit court has specifically addressed the issue of whether a separate tax assessment against a general partner is required to establish liability against the partner for an employment tax liability incurred by the partnership.

Debtors rely on two related California district court decisions affirming the bankruptcy court's holdings that a partner must be individually assessed to be liable for the tax obligations of the partnership. *See United States v. Galletti,* 2001 WL 752652 (C.D.Cal. March 23, 2001); *United States v. Briguglio,* 2001 WL 429820 (C.D.Ca. March 23, 2001). In *Galletti* and *Briguglio,* the debtors were general partners in a partnership against which the Service had assessed taxes of approximately $427,000.00. The Service had not assessed taxes against the debtors individually in their capacities as general partners. The Service filed proofs of claim in the debtors' bankruptcy cases. The debtors objected to the claims, asserting they were invalid because the Service had not assessed them individually. The bankruptcy court held the tax assessment against the partnership was not effective to bind the partners individually. The court based its decision on the following: 1) a partnership is liable for taxes required to be deducted or withheld; 2) under California law a judgment must be entered against a partner in order for the partner to be liable for the debts of the partnership; 3) a taxpayer must be validly assessed to be liable for

tax obligations; and 4) the decision in *El Paso Refining, Inc. v. Internal Revenue Service,* 205 B.R. 497 (W.D.Tex.1996) in which the district court affirmed the bankruptcy court's holding that a lien against a partner for the partnership's taxes was void because the Service did not assess the partner directly. The district court in *Galletti* and *Briguglio* seized on a distinction between assessment and liability and assessment and collection. "The Debtors do not dispute their liability as partners; rather, they dispute Appellant's attempt to collect taxes without individual assessments." *Galletti,* 2001 WL 752652 at *4; *Briguglio,* 2001 WL 429820 at *4.

The Court does not quarrel with the *Galletti* and *Briguglio* bankruptcy court's finding that a partnership is liable for taxes required to be deducted or withheld. The Court also agrees that California law requires that a judgment be entered against a partner in order for a creditor to attach the partner's assets for debts of the partnership.[2] However, the bankruptcy court's finding that California law requires a judgment against a partner in order for the partner to be held liable for the debts of the partnership and the court's statement that "it naturally follows that in order for partners to be jointly and severally liable for tax liabilities, they must be assessed separately" are without merit. As the Service points out, a judgment is not necessary to make a debtor jointly and severally liable for a partnership's debts. State partnership laws establish a partner's liability. Debtor Paul Chauncey's liability stems from his liability under Florida law for all obligations of the part-

---

**2.** Florida law contains a similar provision. Fla. Stat. § 620.8307 provides in pertinent part:

Actions by and against partnership and partners

3) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner.

**38**

nership.[3] Additionally, although an assessment imbues the Internal Revenue Service with certain administrative methods by which to collect taxes, liability for federal taxes does not depend upon whether the Internal Revenue Service has made a valid assessment. *Goldston v. United States*, 104 F.3d 1198, 1200 (10th Cir.1997). The Service may still bring suit to bring suit to reduce an un-assessed liability to judgment. *United States v. Jersey Shore State Bank*, 781 F.2d 974, 979 (3d Cir. 1986).

11 U.S.C. § 101(5)(A) defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." The Internal Revenue Service's right to look to Debtor Paul Chauncey for payment of the partnership's tax obligations is sufficient to give the Service an allowable claim. The Court holds that a separate tax assessment against an individual partner for employment taxes incurred by the partnership is not required to establish liability against the individual partner.

### CONCLUSION

A separate tax assessment against an individual partner for employment taxes incurred by the partnership is not required to establish liability against the individual partner. The Court will therefore overrule Debtors' objection to Claim 18 filed by the Internal Revenue Service.

---

3. Fla. Stat. § 620.8306 provides in pertinent part: (1) Except as otherwise provided in subsections (2) and (3), all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by a claimant or provided by law.